NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN T. ZIEMBA,<br><br>    Plaintiff,<br><br>v.<br><br>INCIPIO TECHNOLOGIES, INC. AND RADIOSHACK CORPORATION,<br><br>    Defendants. | Civil Action No. 13-5590 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

**THIS MATTER** comes before the Court by way of Defendant Incipio Technologies, Inc.'s motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Entry No. 16]. The Court has considered the submissions made in support of and in opposition to the instant motion and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Based on the reasons that follow, Defendant's motion to dismiss is granted and Plaintiff's Amended Complaint is dismissed in its entirety *without* prejudice. Plaintiff may file a Second Amended Complaint that cures the pleading deficiencies in his claims on or before **October 17, 2014.**

I.   Background[1]

Plaintiff John Ziemba, a resident of New Jersey, brings this patent infringement action against Defendants Incipio Technologies, Inc. and Radioshack Corporation. Plaintiff specializes

---

[1] The following facts are presumed to be true solely for purposes of this motion.

in research, development and innovation of intellectual property. (Am. Compl., ¶ 10).  In this regard, Plaintiff owns a number of patents and / or patent applications. (*Id*.).  Included in Plaintiff's intellectual property portfolio are compartmentalized protective cases for portable handheld electronic devices that secure both portable handheld devices and personal items such as money, credit cards, and / or identification cards in a convenient compact manner. (*Id*., ¶ 11).  On April 16, 2013, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 8,418,852 (" '852 Patent") entitled "Compartmentalized Protective Case for Portable Handheld Electronic Devices".  (*Id*., ¶ 12).  A copy of the '852 Patent is attached as Exhibit A to Plaintiff's Amended Complaint.  Plaintiff is the inventor and owner of the full right, title and interest in the '852 Patent. (*Id*., ¶ 13).

Defendant Incipio manufactures, uses, offers for sale, and/or sells compartmentalized protective cases for electronic devices, including smart phones. Defendants' products are distributed and sold throughout the United States generally, including in the District of New Jersey. (Am. Compl., ¶ 15).  The Amended Complaint alleges that Defendant RADIOSHACK uses, offers for sale, and/or sells Defendant Incipio's compartmentalized protective cases with electronic devices, including smart phones, housed therein / appointed to be housed therein. (*Id*., ¶ 16).  According to the Amended Complaint, Defendants' compartmentalized protective cases for electronic devices include but are not limited to cases sold under the following brand names: 1) the STOWAWAY® Case for Samsung Galaxy S 4 (SA); 2) the STOWAWAY® Case for Apple iPhone 4/4S/5 (SA-iPhone); 3) WATSON WALLET, Folio Wallet Case with Removable Cover; and 4) STASHBACK for Apple iPhone 5. (*Id*., ¶ 18).  In particular, the Amended Complaint alleges that Defendant's compartmentalized protective cases for electronic devices sold under the brand names STOWAWAY®, WATSON WALLET, STASHBACK use images

substantially shown housing electronic devices, smart phones housed therein. (*Id.*, ¶ 19).

Count One of Plaintiff's Amended Complaint alleges infringement of the '852 patent as against both Defendants. According to the Amended Complaint, "Defendants have been and are still infringing, contributing to, and/or actively inducing infringement of the '852 Patent by manufacturing, using, offering to sell, and/or selling within the State of New Jersey and / or elsewhere in the United States, compartmentalized protective cases for electronic devices that are covered by one or more claims of the '852 Patent," in violation of 35 U.S.C. § 271(a), (b), and (c). (*Id.*, ¶ 21). Count One further alleges that "Defendants knowingly have been and are still infringing, contributing to, and/or actively inducing infringement of the '852 Patent by manufacturing, using, offering to sell, and/or selling the infringing compartmentalized protective cases with electronic devices, or specifically and exclusively intended for use with electronic devices." (*Id.*, ¶ 22).

This Court's jurisdiction over Plaintiff's Amended Complaint is premised on 28 U.S.C. § 1331.

## II.     Legal Standard

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[c]ourts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1429 (3d Cir. 1997). "A pleading that offers

'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 6782 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, a complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). ). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir. 1994).

**III.     Discussion**

As a preliminary matter, the Court notes that several of the arguments raised by Defendant in support of dismissal appear to be based, at least in part, on *its* proposed interpretation of certain terms contained in the claims of the '852 Patent. *See, e.g.,* Def. Br. At 7 ("All claims under the '852 Patent expressly require the presence of both a protective case and a portable electronic device actually housed within the protective case."). It is entirely unclear at the outset of the litigation whether or not there is any dispute as to the meaning of any terms contained in the relevant claims of the '852 Patent, and/or whether or not it will be necessary for the Court to construe any such terms. Certainly, the Court will not construe such terms at the pleading stage and/or on a motion to dismiss. Suffice it to say that Plaintiff's Amended Complaint will survive dismissal at this stage if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). ).

Turning now to the Amended Complaint, the Court has carefully reviewed the sole Count asserted therein and agrees with Defendant Incipio that said Count is deficient for several reasons.

4

First, Count One contains no <u>facts</u>. As currently pled, Count One is comprised solely of a formulaic recitation of the elements of the causes of action and/or legal conclusions, neither of which benefit from the presumption of truth on a motion to dismiss. *See, e.g.*, Am. Compl., ¶¶ 20-22. For example, paragraph 21 alleges that "Defendants have been and are still infringing, contributing to, and/or actively inducing infringement of the '852 Patent by manufacturing, using, offering to sell, and/or selling within the State of New Jersey and / or elsewhere in the United States, compartmentalized protective cases for electronic devices that are covered by one or more claims of the '852 Patent" in violation of 35 U.S.C. § 271(a), (b), and (c). But Plaintiff does not allege which particular products (presumably out of those referred to earlier in the Amended Complaint) are the subject of which theory of liability or *how* such products actually infringe any particular claims of the '852 Patent. To be clear, the allegation that Defendants' actions in manufacturing, using, offering to sell, and/or selling of compartmentalized protective cases that are covered by one or more claims of the '852 Patent constitute a violation of 35 U.S.C. § 271(a), (b), and (c) is—without more—entirely conclusory (and arguably a legal conclusion) and thus does not benefit from the presumption of truth. Similarly, Count One alleges that "Defendants knowingly have been and are still infringing, contributing to, and/or actively inducing infringement of the '852 Patent by manufacturing, using, offering to sell, and/or selling the infringing compartmentalized protective cases with electronic devices, or specifically and exclusively intended for use with electronic devices." (Am. Compl., ¶ 22). But Count One contains no <u>facts</u> that would allow the Court to draw the reasonable inference that anyone in particular acting on behalf of *either* Defendant possessed knowledge that their actions infringed the '852 patent, under *any* theory of liability. Again, Plaintiff's use of the word "knowledge," without more, is entirely conclusory and thus does not benefit from the presumption of truth.

To the extent Plaintiff has attempted to cure the deficiencies in this claim by including supplemental facts—as to the element of knowledge, or otherwise—in its opposition brief, it is "axiomatic" that a plaintiff cannot amend its complaint by way of a brief in opposition to a motion to dismiss. *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir.1998) (citation omitted). Should Plaintiff wish to substantiate its claim with any facts contained in its opposition brief (or the attachments thereto), the Amended Complaint must be amended to expressly include such facts. *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, **a complaint** must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ") (emphasis added).

In addition, Count One contains much more than single claim of patent infringement. Rather, it contains three separate claims of infringement (direct, contributory and induced), each containing its own elements, each presumably premised on separate theories, *and* as against two separate corporate Defendants.[2] Putting aside the lack of necessary factual content (discussed above), the Court agrees with Defendant that grouping all of these claims into a single Count

---

[2] To state a claim for direct infringement, the patentee must show that an accused product or method is within the claim limitations of the patent-in-suit either literally or under the doctrine of equivalents. *See Amgen Inc. v. F. Hoffmann–LaRoche Ltd.,* 580 F.3d 1340, 1374 (Fed. Cir. 2009). Direct infringement requires a party to perform each and every step or element of a claimed method or product. *Cheese Systems, Inc. v. Tetra Pak Cheese and Powder Systems, Inc.*, 725 F.3d 1341, 1348 (Fed. Cir. 2013). Induced infringement, on the other hand, "requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). Thus, induced infringement occurs where: (1) another party directly infringes a patent claim; (2) the inducing party intentionally encourages the acts that constitute such direct infringement; and (3) the inducing party knows that its actions will cause direct infringement. *See Global–Tech Appliances, Inc. v. SEB S.A.*, ––– U.S. ––––, ––––, 131 S.Ct. 2060, 2068, 179 L.Ed.2d 1167 (2011). Finally, to establish contributory infringement, the patent owner must prove that: "(1) there is direct infringement; (2) the accused infringer had knowledge of the patent at issue; (3) the component has no substantial noninfringing uses; and (4) "the component is a material part of the invention." *See Fujitsu Ltd. v. Netgear Inc.,* 620 F.3d 1321, 1326 (Fed. Cir. 2010).

violates the pleading standard and fails to provide each Defendant with adequate notice of the particular claim(s) being asserted against them and the specific grounds upon which such claim(s) rest. Certainly, it leaves the Defendants (and the Court alike) with "no way to discern which allegations apply to which claims, [to] which defendant, or to which products." (Def. Reply at 4). Moreover, having carefully reviewed Plaintiff's opposition brief, it is clear that Plaintiff intends to hold each Defendant liable under unique theories of liability that are not clearly articulated in the Amended Complaint. *See, e.g.,* Pl. Opp'n Br. At 12 ("The totality of the circumstances, use of the specific phones in the advertising and in demonstrations reveals concurrent sales oriented activity which results in, or at least substantially advances an actual sale of the accused device.").

To the extent Plaintiff intends to re-plead his claims, he is hereby advised that each count of a properly pled complaint must contain: (a) its own cause of action against a clearly identified defendant(s), and (b) those particular factual allegations that would allow the court to draw the reasonable inference that said defendant(s) is liable for that particular cause of action. *See Iqbal,* 556 U.S. at 678; *see, e.g., Anderson v. District Bd. of Trustees of Cent. Florida Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996) ("Anderson's complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."). Plaintiff must also allege <u>facts</u> showing each defendant's actual personal involvement in each of the alleged wrongs. Stated differently, Plaintiff must present sufficient facts establishing *each* defendant's liability for *each* claim asserted. *See, e.g., Smart v. Pa. Pub. Util. Comm'n,* No. 96-3586, 1996 WL 442618, at *4 (E.D. Pa. Aug. 2, 1996) (instructing that a complaint "should clearly identify each defendant, the conduct of each defendant allegedly harming him, and the relief he seeks, setting forth the facts relating to each defendant and to each claim"); *Schiano v. MBNA,* No. 05-1771, 2013 WL 2452681, at *7 (D.N.J. Feb. 11, 2013)

7

(reiterating that Plaintiff must "make clear which claims were being asserted specifically against which defendants, and the specific factual basis for each claim against each defendant, as well as the specific relief being sought and the grounds for that relief"); *see generally Binsack v. Lackawanna Cnt. Prison,* 438 F. App'x 158, 160 (3d Cir. 2011) (holding that the district court did not abuse its discretion in dismissing complaint for failure to "provide a short and plain statement of each claim against each defendant").

**IV.   Conclusion**

For the reasons set forth above, Defendant's motion to dismiss Plaintiff's Amended Complaint is granted. Plaintiff's Amended Complaint is hereby dismissed in its entirety *without* prejudice. Plaintiff may file a Second Amended Complaint that cures the pleading deficiencies discussed above **on or before October 17, 2014**. Plaintiff's failure to do so will result in dismissal of the Amended Complaint *with* prejudice upon application by the Defendant.

An appropriate Order accompanies this Opinion.


Date: September 16, 2014         s/ Jose L. Linares
                                 JOSE L. LINARES
                                 U.S. DISTRICT JUDGE