Vincent E. McGeary, Esq.
**McGeary Cukor, LLC**
7 Dumont Place
Moristown, New Jersey 07960
Telephone (973) 339-7985
Facsimile (973) 200-4845

Of Counsel:
Christopher H. Strate, Esq.
**GIBBONS, P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone (973) 596-4500
Facsimile (973) 596-0545

*Attorneys for Defendants*
*Incipio Technologies, Inc. and*
*RadioShack Corporation*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN T. ZIEMBA,<br><br>                Plaintiff,<br><br>v.<br><br>INCIPIO TECHNOLOGIES, INC., and<br>RADIOSHACK CORPORATION,<br><br>                Defendants. | **DEFENDANTS INCIPIO TECHNOLOGIES, INC. AND RADIOSHACK CORPORATION'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Civil Action No.: 2:13-cv-05590 (JLL/JAD)<br><br>Motion Day: December 15, 2014 |

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES.................................................................................. v

I.    INTRODUCTION.................................................................................. 1

II.   PROCEDURAL BACKGROUND ........................................................ 3

III.  PLAINTIFF'S DIRECT INFRINGEMENT ALLEGATIONS DO
      NOT SATISFY THE MINIMUM PLEADING REQUIREMENTS
      SET FORTH IN FORM 18....................................................................... 5

      A.   Plaintiff Fails To Adequately Plead Direct Infringement By
           Incipio .......................................................................................... 5

           1.   Plaintiff Fails To Allege That The Accused Incipio
                Products Embody The Patented Invention.............................. 6

           2.   Plaintiff Fails To Provide Adequate Notice Of The
                Incipio Products That Allegedly Infringe The Patent-In-
                Suit ......................................................................................... 7

                a.   The Identification Of Accused Incipio Products Is
                     Improperly Open-Ended ............................................... 7

                b.   The Identification Of Accused Incipio Products Is
                     Improperly Vague and Ambiguous .............................. 8

           3.   Plaintiff Fails To Provide Adequate Notice Of The Acts
                By Which Incipio Allegedly Has Infringed The Patent-
                In-Suit .................................................................................. 10

           4.   Plaintiff Compounds The Lack Of Notice By Further
                Convoluting His Allegations Of Direct Infringement In
                Terms Of Unspecified "Information And Belief" ................. 11

           5.   Plaintiff Cannot Properly Plead Direct Infringement In
                Compliance With Rule 11, Because Doing So Would
                Expose The Blatant Shortcomings Of This Case .................. 12

      B.   Plaintiff Fails To Adequately Plead Direct Infringement By
           RadioShack.................................................................................. 15

IV.   PLAINTIFF'S CONTRIBUTORY INFRINGEMENT
      ALLEGATIONS ARE CONVOLUTED, CONCLUSORY, AND
      NOT FACTUALLY SUPPORTED ....................................................... 16

- i -

# TABLE OF CONTENTS
### (continued)

**Page**

A.    Plaintiff Fails To Adequately Plead Contributory Infringement By Incipio ................................................................... 16

    1.    Plaintiff Fails To Provide Factual Allegations Directly Tied To Its Contributory Infringement Claim ...................... 16

    2.    Plaintiff Fails To Provide Any Factual Support For His Conclusory Allegation That The Accused Incipio Products Have No Substantial Non-Infringing Use .............. 18

    3.    Plaintiff Fails To Provide Any Factual Support For His Conclusory Allegation That The Accused Incipio Products Are A Material Part Of The Claimed Invention ...... 20

    4.    Plaintiff Fails To Provide Any Factual Support For His Conclusory Allegation That A Third Party Used The Accused Incipio Products To Directly Infringe .................... 20

    5.    Plaintiff Fails To Provide Adequate Notice Of The Accused Incipio Products .................................................... 21

    6.    Plaintiff Fails To Provide Any Factual Support For His Conclusory Allegation That Incipio Had Knowledge Of The Patent-In-Suit Since Issuance ....................................... 21

B.    Plaintiff Fails To Adequately Plead Contributory Infringement By RadioShack .............................................................. 22

V.    PLAINTIFF'S INDUCEMENT OF INFRINGEMENT ALLEGATIONS ARE INCOMPLETE, CONCLUSORY, AND NOT FACTUALLY SUPPORTED ................................................ 23

A.    Plaintiff Fails To Adequately Plead Inducement Of Infringement By Incipio ............................................... 23

    1.    Plaintiff Fails To Provide Factual Allegations Directly Tied To Its Inducement Claim ............................................. 24

    2.    Plaintiff Fails To Allege That Incipio Possessed The Specific Intent To Encourage Direct Infringement By Others ................................................................... 24

# TABLE OF CONTENTS
(continued)

**Page**

3.    Plaintiff Fails To Provide Any Factual Support For His Conclusory Allegation That A Third Party Used The Accused Incipio Products To Directly Infringe ..................... 25

4.    Plaintiff Fails To Provide Adequate Notice Of The Accused Incipio Products .................................................... 25

5.    Plaintiff Fails To Provide Any Factual Support For His Conclusory Allegation That Incipio Had Knowledge Of The Patent-In-Suit Since Issuance ....................................... 25

B.    Plaintiff Fails To Adequately Plead Inducement Of Infringement By RadioShack ......................................................... 27

VI.    WILLFUL INFRINGEMENT ................................................. 28

A.    Plaintiff's Willful Infringement Allegations Are Incomplete, Conclusory, And Not Factually Supported .................................... 28

B.    Plaintiff Fails To Adequately Plead Willful Infringement By RadioShack .................................................................. 29

VII.    CONCLUSION ...................................................................... 30

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

<u>**CASES**</u>

*Acco Brands USA LLC v. Hewlett Packard Co.*,
  2011 WL 2516514 (C.D. Cal., June 23, 2011) ................................................ 8

*Anderson v. District Board of Trustees of Central Florida Community College*,
  77 F.3d 364 (11th Cir. 1996) ......................................................................... 16

*Aro Manufacturing Co. v. Convertible Top Replacement Co.*,
  377 U.S. 476 (1964) ...................................................................................... 23

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................passim

*Bay Industries, Inc. v. Tru-Arx Manufacturing, LLC*,
  2006 WL 3469599 (E.D. Wis., Nov. 29, 2006) ................................................ 9

*Bender v. LG Electronics U.S.A., Inc.*,
  2010 WL 889541 (N.D. Cal., March 11, 2010) ........................................... 8, 9

*Bill of Lading Transmission and Processing System Patent Litigation*,
  681 F.3d 1323 (Fed. Cir. 2012)................................................................passim

*Callwave Communications LLC v. AT&T Mobility LLC*,
  Civil Action No. 12-1701 at p. 5 (D. Del., January 28, 2014)....................26, 28

DSU Medical Corp. v. JMS Co.,
  471 F.3d 1293 (Fed. Cir. 2006)..................................................................... 27

*Fujitsu Ltd. v. Netgear Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010)..................................................................20, 21

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  131 S.Ct. 2060, 179 L.Ed.2d 1167 (2011) .......................................... 25, 26, 27

*Hewlett-Packard Co. v. Intergraph Corp.*,
  2003 WL 23884794 (N.D. Cal., Sept. 6, 2003)................................................ 9

*In* re Seagate Technology, LLC,
  497 F.3d 1360 (Fed. Cir. 2007).......................................................................28, 29

*Infineon Technologies AG v. Volterra Semiconductor Corp.*,
  Case No. C-11-6239 MMC at pp. 3-4 (N.D. Cal., Sept. 10, 2012) .................... 8

*Radiation Stabilization Solutions, Inc. v. Varian Medical Systems Inc.*,
  2012 WL 3757489 (N.D. Ill., Aug. 28, 2012)................................................... 7

*Schiano v. MBNA*,
2013 WL 2452681 (D.N.J., Feb. 11, 2013) .................................................... 17

*Smart v. Pennsylvania Public Utilities Commission*
No. 96-3586, 1996 WL 442618 (E.D. Pa., Aug. 2, 1996) ................................ 17

*Straight Path IP Group Inc., v. Vonage Holdings Corp.*,
Civil Action No. 140502 at p. 6 (D.N.J., March 26, 2014) ................... 20, 24, 25

## **STATUTES**

35 U.S.C. §271 ................................................................................................ 10

## **RULES**

Fed. R. Civ. P. 10(b) ........................................................................................ 4

Fed. R. Civ. P. 12(b)(6) ................................................................................. 1, 4

## I.     INTRODUCTION

Defendants Incipio Technologies, Inc. ("Incipio") and RadioShack Corporation ("RadioShack") hereby move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Second Amended Complaint for patent infringement filed by plaintiff John T. Ziemba.

On September 16, 2014, this Court issued an Order dismissing Plaintiff's First Amended Complaint.  (Dkt. 21).  In particular, this Court found that Plaintiff had failed to allege necessary facts, and had instead improperly relied on formulaic recitation of claim elements and legal conclusions (neither of which are accorded a presumption of truth on a motion to dismiss).  *Id*. at 5.  This Court also found that Plaintiff had failed to allege separate Counts containing particular factual allegations that would allow a reasonable inference that the particular defendant identified was liable for the particular cause of action.  *Id*. at 6-7.  This Court then expressly advised Plaintiff that, to the extent Plaintiff intended to re-plead his claims, he needed to separate his allegations on a claim by claim and defendant by defendant basis, as well as provide specific factual clarity as to the underlying basis for each separate claim.  *Id*. at 7.  While Plaintiff has now formatted his claims into six Counts (three against each Defendant), the Counts – contrary to the Court's guidance – are otherwise substantively defective in nearly every respect.

1

First, rather than clarifying his pleading by separating out his allegations, Plaintiff has chosen to further convolute his pleading by regurgitating into each Count all prior allegations for each prior Count (and for each defendant) without differentiation, leaving Defendants to guess as to which prior allegations are relevant to each cause of action.  The "Background" allegations that are incorporated into every Count are conclusory in nature and, in some instances, are contradicted elsewhere in the same document (including the exhibits).  Second, Plaintiff now pleads all of his allegations on "information and belief," without specifying any of the factual underpinnings for this alleged belief.  Third, Plaintiff continues to obfuscate the basis of his infringement theory by presenting a "laundry list" of nearly every conceivable infringing activity, but pleads each of them in the alternative in an apparent effort to continue his concealment of the blatant shortcomings in his case.  This is further evidenced by the fact that Plaintiff no longer alleges that the accused products are **_covered_** by the '852 Patent-In-Suit, and completely omits the allegation, required by Form 18, that the accused products "embody" the patented invention.  Fourth, Plaintiff continues to conceal the basis for his allegations of notice and knowledge of the '852 Patent, leaving it open-ended.  Indeed, Plaintiff now goes so far as to allege knowledge as of April 16, 2013, the issue date of the '852 Patent, without pleading even a single shred of supporting evidence.  Fifth, Plaintiff's identification of accused goods continues to

be open-ended, vague, and ambiguous – so as to provide Defendants with

insufficient notice as to the identity of the accused products even though those

products are readily and publicly available to Plaintiff.  Sixth, Plaintiff now alleges

willful infringement by both Defendants without providing any factual basis to

support such allegations.  And, as detailed below, this extensive list of pleading

deficiencies is not even exhaustive.

Thus, while Plaintiff should have carefully heeded this Court's guidance and

pled his allegations with both clarity and the particularized factual support

required, he chose to do the opposite in nearly every respect.  Plaintiff knows that

he cannot properly plead expansive claims of infringement in compliance with

Rule 11, and therefore continues to file successive Complaints containing only

conclusory allegations (pled in the alternative) to avoid having the glaring

shortcomings of his case exposed.  Accordingly, while Incipio believes that

Plaintiff should not be afforded a proverbial fourth "bite at the apple," and that the

Second Amended Complaint should be dismissed with prejudice, at the very least

Plaintiff should be directed to correct his pleadings – if it can.

## II.    PROCEDURAL BACKGROUND

The present motion arises in the context of the following procedural history:

1.      On September 19, 2013, Plaintiff filed his original Complaint against

Incipio.  This short pleading attempted to allege three different

3

theories of liability (direct infringement, contributory infringement, and inducement of infringement) in a single conclusory paragraph. (Dkt. 1, ¶17).

2.   On July 7, 2014, Incipio filed a Motion to Dismiss Plaintiff's original Complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 11).

3.   Plaintiff filed a First Amended Complaint on July 18, 2014 – less than 21 days after service of Incipio's Motion to Dismiss. (Dkt. 12). The First Amended Complaint attempted to add RadioShack as a named defendant. It also attempted to add a handful of additional allegations. However, the primary allegation of infringement against Incipio remained largely unchanged. (Dkt. 12, ¶21).

4.   On August 15, 2014, Incipio filed a Motion to Dismiss Plaintiff's First Amended Complaint under Federal Rules of Civil Procedure 10(b) &12(b)(6). (Dkt. 16).

5.   On September 16, 2014, this Court issued an Order granting Incipio's Motion to Dismiss Plaintiff's First Amended Complaint. (Dkt. 21). This Court found that Plaintiff's sole Count contained no facts, and was instead entirely comprised of a formulaic recitation of the elements of the causes of action and legal conclusions (neither of which benefit from the presumption of truth on a motion to dismiss).

4

*Id.* at 5.  This Court also found that Plaintiff failed to allege separate Counts containing particularized factual allegations that would allow it to draw the reasonable inference that the particular defendant identified is liable for a particular cause of action.  *Id.* at 6-7.  However, Plaintiff was provided leave to amend.

6.      On October 16, 2014, Plaintiff filed his Second Amended Complaint. (Dkt. 23).  This document, filed well over a year after Plaintiff's original Complaint, is the subject of the present Motion to Dismiss.

## III.  PLAINTIFF'S DIRECT INFRINGEMENT ALLEGATIONS DO NOT SATISFY THE MINIMUM PLEADING REQUIREMENTS SET FORTH IN FORM 18

### A.  Plaintiff Fails To Adequately Plead Direct Infringement By Incipio

Plaintiff's allegations of direct patent infringement (Count IV) fail to provide Incipio with adequate notice and fail to state a cause of action against Incipio, even under the minimum pleading requirements of Federal Rule of Civil Procedure Form 18, and should therefore be dismissed.  (Dkt. 23, ¶¶56-60).  Indeed, Count IV of Plaintiff's Second Amended Complaint contains at least four fatal flaws, any one of which provides a sufficient, independent basis for the relief requested.

5

### 1.   Plaintiff Fails To Allege That The Accused Incipio Products Embody The Patented Invention

First, Plaintiff's Second Amended Complaint completely omits any assertion that the accused Incipio products ***embody*** the patented invention.  (Dkt. 23, ¶¶57-60).  Such an allegation is expressly required by Form 18 (*i.e.*, "The defendant has infringed and is still infringing the Letters Patent by making, selling, and using [products] that ***embody the patented invention*** …")(emphasis added).  *See*, *e.g.*, *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1334 (Fed. Cir. 2012)(stating that Form 18 requires a statement that the defendant has been infringing the patent "by making, selling, and using [the device] *embodying the patent*")(emphasis added).  Tellingly, a similar (albeit more ambiguous) statement contained in both Plaintiff's original and First Amended Complaints (which argued that the accused products are "covered by one or more claims of the '852 Patent") has now been specifically deleted.  (Dkt. 1, ¶17)(Dkt. 12, ¶21).  Plaintiff's allegations of direct infringement in the Second Amended Complaint are therefore even more defective that in his previous two attempts, and this series of amendments should now come to an end.[1]

---

[1] As discussed in further detail below in Section II(A)(5), Plaintiff knows that the accused Incipio products do not meet each and every limitation of any of the patent-in-suit's claims – and thus such an allegation would violate Federal Rule of Civil Procedure 11.  In fact, Plaintiff admits this fact when it alleges that "Incipio's Compartmentalize Cases" are especially made or adapted for use in housing portable handheld electronic devices such as cell phones and/or smart phones.

### 2.     Plaintiff Fails To Provide Adequate Notice Of The Incipio Products That Allegedly Infringe The Patent-In-Suit

Second, Plaintiff's identification of the accused Incipio products is improperly vague, ambiguous, and open-ended.

### a.     The Identification Of Accused Incipio Products Is Improperly Open-Ended

Plaintiff uses terms and phases such as "at least," "including," and "and/or" to keep its identification of accused Incipio products improperly open-ended (*i.e.*, "Defendant Incipio…has directly infringed…the '852 Patent…*at least* by importing, selling, offering for sale and/or using within the United States 'Incipio's Compartmentalized Cases, *including* those sold under the brand names STOWAWAY®, WATSON WALLET, *and/or* STASHBACK").  (Dkt. 23, ¶57) (emphasis added).  Such indefinite allegations are insufficient to provide Incipio with fair notice of the claim, even under the minimum pleading requirements of Form 18.  *See*, *e.g.*, *Radiation Stabilization Solutions, Inc. v. Varian Medical Systems Inc.*, 2012 WL 3757489 at *2 (N.D. Ill., Aug. 28, 2012)(finding that a Complaint that identified two specific products, but that left the scope of accused products open-ended by use of the qualifier "at least" before mention of these two specific products, failed to meet even the minimum standards of Form 18); *Bender*

---

(Dkt. 23, ¶20).  If the cases are made or adapted to house portable handheld electronic devices, they clearly do not "comprise" portable handheld electronic devices (an undisputed limitation in all claims of the patent-in-suit).

7

*v. LG Electronics U.S.A., Inc.*, 2010 WL 889541 at *2-6 (N.D. Cal., March 11,

2010)(noting that Form 18 does not address a factual scenario involving a

multitude of allegedly infringing products; and finding that a Complaint which

identified accused products with the open-ended language "by way of example and

without limitation" did not adequately place the defendant on notice as to what

products were subject to the claim of infringement); *Infineon Technologies AG v.*

*Volterra Semiconductor Corp.*, Case No. C-11-6239 MMC at pp. 3-4 (N.D. Cal.,

Sept. 10, 2012)(striking references to infringement by "other products," even

though the Complaint also identified, by model number, a  specific infringing

product for each asserted patent); *Acco Brands USA LLC v. Hewlett Packard Co.*,

2011 WL 2516514 at *2 (C.D. Cal., June 23, 2011).[2]

> **b.    The Identification Of Accused Incipio Products Is**
> **Improperly Vague and Ambiguous**

Plaintiff also uses vague and ambiguous functional language to describe the

accused products.  Specifically, Plaintiff  accuses "Incipio's Compartmentalized

Cases" – a term defined by Plaintiff, not Incipio, using language Plaintiff has

---

[2] This requirement was also emphasized by this Court in its Order dismissing
Plaintiff's First Amended Complaint.  (Dkt. 21, p. 5)(stating that Plaintiff's First
Amended Complaint was defective because it failed to allege which particular
products (presumably out of those referred to earlier in the First Amended
Complaint) are the subject of which theory of liability).  Plaintiff cannot avoid this
notice requirement by defining the phrase "Incipio's Compartmentalized Cases"
(in the "Background" section of the Second Amended Compliant) using vague,
ambiguous, and/open-ended language – and then merely allege (in each Count)
that "at least" those products infringe.

pulled directly from his own patent claims (*i.e.*, "Among its products, Defendant

Incipio manufactures, uses, offers for sale, imports and/or sells compartmentalized

protective cases configured with a ***first compartment for receiving and housing a***

***portable handheld electronic device*** **and a** *second compartment for receiving and*

*housing personal items*….Collectively, these compartmentalized protective cases

are hereinafter referred to as 'Incipio's Compartmentalized Cases'"). (Dkt 23,

¶¶17 & 18)(emphasis added). Such vague and ambiguous allegations are improper

(even under Form 18), especially when Incip io sells many different protective

cases. *See*, *e.g.*, *Hewlett-Packard Co. v. Intergraph Corp.*, 2003 WL 23884794 at

*1 (N.D. Cal., Sept. 6, 2003)(Form 18 does not address a factual scenario where

the accused infringer sells many different types of the same generic product; a

pleading requiring the defendant to compare many different core technology

platforms to the claims of the patents-in-suit therefore does not provide fair

notice); *Bay Industries, Inc. v. Tru-Arx Manufacturing, LLC*, 2006 WL 3469599 at

*2 (E.D. Wis., Nov. 29, 2006)(a pleading requiring the defendant to compare

several different products to several different claims in order to formulate a

response presents an unreasonable burden, especially given that the plaintiff bears

the burden of proof on infringement; a defendant should not have to guess at which

of its produc ts are accused); *Bender*, 2010 WL 889541 at *2-6 (also noting that

Form 18 does not address a factual scenario involving a multitude of allegedly

9

infringing products).  Indeed, identifying accused products through use of claim language is tantamount to a wholly circular allegation that Incipio's accused products are those that infringe the patent-in-suit (and would require Incipio, before it could even possibly answer the Second Amended Complaint, to conduct a claim interpretation and to analyze each and every one of its cases to determine which of those products, if any, were being accused of infringement).

### 3.    Plaintiff Fails To Provide Adequate Notice Of The Acts By Which Incipio Allegedly Has Infringed The Patent-In-Suit

Third, Plaintiff alleges almost every possible act of direct infringement set forth in the governing statute (35 U.S.C. §271) – and does so in the *alternative*, so as to effectively provide no notice as to what Plaintiff is actually asserting as the infringing activity on which his Second Amended Complaint is purportedly based (*i.e.*, "Defendant Incipio…has directly infringed and continues to directly infringe …the '852 Patent…by ***importing, selling, offering for sale and/or using*** [products]…").  (Dkt. 23, ¶57)(emphasis added).  This indefinite form of pleading stands in stark contrast to the infringement allegation set forth in Form 18, in which only those specific acts for which Plaintiff had sufficient pre-filing support are alleged (*i.e.*, "The defendant has infringed and is still infringing the Letters Patent by ***making, selling, and using*** [products]…")(emphasis added). [3]  *See also*,

---

[3] While pleading in the alternative is sometimes permitted, the requirements of Form 18 should be strictly construed – because it constitutes a departure from the

*Bill of Lading*, 681 F.3d at 1334 (stating that Form 18 requires a statement that the defendant has been infringing the patent "by ***making, selling, and using*** [the device] embodying the patent")(emphasis added).  The lack of notice resulting from Plaintiff's use of this alternative (*i.e.*, "and/or") language is compounded by his omission of any facts that allegedly describe each of these purported acts of infringement, as well as his above-described failure to adequately identify the accused products (let alone his failure to identify which acts allegedly apply to each accused product).  As a result, Incipio is merely left to guess at which acts of direct infringement they are really accused of committing.

**4.      Plaintiff Compounds The Lack Of Notice By Further Convoluting His Allegations Of Direct Infringement In Terms Of Unspecified "Information And Belief"**

Finally, Plaintiff couches the seminal paragraph of his direct infringement claim in terms of his purported information and belief (*i.e.*, "***On information and belief***, Defendant Incipio…has directly infringed and continues to directly infringe…the '852 Patent…").  (Dkt. 23, ¶57)(emphasis added).  This additional layer of evasiveness again stands in stark contrast to the infringement allegation set forth in Form 18, which contains no such equivocation.  It is also inexplicable, given that Plaintiff claims to already have the accused products (*i.e.*, they are

---

standards of *Twombly* and *Iqbal*, and only exists because Federal Rule of Civil Procedure 84 provides that forms in the Appendix are sufficient.  *See*, *e.g.*, *In re Bill of Lading*, 681 F.3d at 1334.

11

publically sold products that are readily available).  This is especially important

where, as here, Plaintiff has: (1) alleged several acts of infringement (*e.g.*,

importation, sale, use) in the alternative; (2) left his identification of products

vague, ambiguous, and open-ended; (3) omitted any information as to which of

these acts of infringement applies (if at all) to each accused product; and (4) failed

to plead any factual support for his purported "information and belief."  Indeed,

Plaintiff's  incorporation of 56 prior "Background" paragraphs (by bulk reference)

directly contravenes this Court's clear admonition that "each count of a properly

pled complaint must contain…those particular factual allegations that would allow

the court to draw the reasonable inference that said defendant(s) is liable for that

particular cause of action."[4]  (Dkt. 21, p. 7).

### 5.    Plaintiff Cannot Properly Plead Direct Infringement In Compliance With Rule 11, Because Doing So Would Expose The Blatant Shortcomings Of This Case

Plaintiff's vague, ambiguous, incomplete, and open-ended allegations of

direct infringement are not accidental.  Nor are they inconsequential.  Instead, they

reflect Plaintiff's knowledge that compliance with even the minimal pleading

---

[4] A fifth ground for dismissal would be the requirement, clearly set forth in Form 18, that the Complaint must contain "a statement that the plaintiff has given the defendant notice of its infringement."  *See*, *e.g.*, *Bill of Lading*, 681 F.3d at 1334. Plaintiff makes no such allegation in Count IV.  Moreover, any such allegation in the "Background" section of the Second Amended Complaint concerns activity that occurred after the filing of the original Complaint.

requirements of Form 18 would either: (1) run afoul of Federal Rule of Civil Procedure 11; or (2) expose the blatant shortcomings of this case.

As set forth in Incipio's earlier Motions to Dismiss, the patent-in-suit has three independent claims (Nos. 1, 8 & 12) – all of which require the claimed "compartmentalized protective case" to comprise (among other things) "a portable handheld electronic device" that is "housed within the major compartment" of the case. And, as also set forth in these previous Motions to Dismiss, Plaintiff knows that Incipio does not manufacture, import, offer for sale, and/or sell any "portable handheld electronic devices" – let alone such a device housed within a case.[5] Indeed, the closest Plaintiff has ever even come to alleging an act of direct infringement in any of its submissions to this Court is purported "use" of cases and phones during demonstrations and/or for advertising photography. (Dkt. 23, ¶30). And, even then, Plaintiff implicitly admits that there was no direct infringement because he can only allege that the use of the case and phone was "concurrent."[6]

---

[5] For example, Plaintiff has now dropped their allegation that Incipio manufactured infringing products. Moreover, Plaintiffs further highlight their inability to plead a cause of action against Incipio for direct infringement when they allege that Radio Shack "offers for sale and sells 'Incipio's Compartmentalized Cases *concurrently* with smart phones/electronic devices" (emphasis added) – thereby acknowledging that "Incipio's Compartmentalized Cases" do not include a smart phone/electronic device, let alone one "housed within the major compartment" of the case.

[6] Incipio is mindful of this Court's statement that it will not construe claim terms at the pleading stage and/or on a motion to dismiss. (Dkt. 21, p. 4). However, this limitation is so clear and readily apparent that no other construction would be

13

Even assuming that Plaintiff could ever establish that any such limited "use" by Incipio constitutes direct infringement, it would plainly be trivial, and could not possibly ever amount to more than pennies in damages.  In plain recognition of this shortcoming, Plaintiff seeks to take this vague and highly-confined fleck of alleged infringing use and (without identifying any other factual support, because none exists) expand its allegations of direct infringement to encompass: (1) virtually every conceivable act of infringement identified in the governing statute; (2) by an open-ended number of products; and (3) over an infinite amount of time.  This broad pleading would, in turn, be used as the justification for service of burdensome discovery, which would not only be prejudicial, but also needlessly consume the resources of this Court.

However, there is a catch.  Plaintiff knows that such broad allegations of direct infringement (if properly plead) are not supportable under Federal Rule of Civil Procedure 11 – because the accused product must have each and every element of the claim, either literally or under the doctrine of equivalents, and Incipio does not import, sell, or offer for sale any portable handheld electronic devices (let alone portable handheld electronic devices housed within cases).

---

plausible on its face, and the Court can take judicial notice of this claim limitation (especially with a copy of the patent-in-suit attached to the Complaint).  Indeed, Plaintiff has never disputed the patent-in-suit requires a "portable handheld electronic device" that is "housed within the major compartment" of the case.

Plaintiff has therefore made a transparent decision to assert improperly vague allegations (he knows do not provide Incipio with adequate notice of the claim) in an obvious attempt to obfuscate the blatant shortcomings of his case. Such behavior should not be countenanced, especially in connection with a Second Amended Complaint filed over a year after this case was originally commenced.

### B.    Plaintiff Fails To Adequately Plead Direct Infringement By RadioShack

The same failures and arguments detailed above apply with equal or more weight to Plaintiff's virtually identical allegations of direct infringement levied against RadioShack in Count I of the Second Amended Complaint.[7] (Dkt. 23, ¶¶35-39). Notably, Plaintiff again highlights his inability to plead a cause of action for direct infringement by asserting that RadioShack "offers for sale and sells 'Incipio's Compartmentalized Cases *concurrently* with smart phones/electronic devices." (Dkt. 23, ¶29) (emphasis added). This is equivalent to an admission that these cases do not include smart phones/electronic devices when they are offered for sale and/or sold. (*i.e.*, they are two separate and distinct different goods, albeit goods that may be purchased from the same retailer at same time). *See also*,

---

[7] The open-endedness and vagueness of Plaintiff's identification of accused products is also problematic to RadioShack given the number and variety of cellphone accessories it sells. According to RadioShack's Internet website, there are 757 items sourced from numerous suppliers that fall within the category of cellphone cases, clips, and holsters. *See* http://www.radioshack.com/cases-clips-and -holsters-2#sz=60.

*S*econd Amended Complaint, Exhibit G (receipt showing that the case and the phone are two separate goods having two separate prices).

## IV. PLAINTIFF'S CONTRIBUTORY INFRINGEMENT ALLEGATIONS ARE CONVOLUTED, CONCLUSORY, AND NOT FACTUALLY SUPPORTED

### A. Plaintiff Fails To Adequately Plead Contributory Infringement By Incipio

Plaintiff's allegations of contributory patent infringement (Count VI) also fail to provide Incipio with adequate notice and fail to state a cause of action against Incipio – and should therefore be dismissed.  (Dkt. 23, ¶¶68-76).  Indeed, unlike direct infringement, any allegation of indirect infringement (*e.g.*, contributory infringement and inducement of infringement) must go beyond Form 18 and meet the heightened plausibility standard set forth in *Twombly* and *Iqbal*. *See*, *e.g.*, *In re Bill of Lading*, 681 F.3d at 1336-37.

#### 1. Plaintiff Fails To Provide Factual Allegations Directly Tied To Its Contributory Infringement Claim

This Court, in its Order dismissing the First Amended Complaint, expressly warned Plaintiff that a properly pleading must contain: (1) its own cause of action against a clearly identified defendant; and (2) those particular factual allegations that would allow the court to draw the reasonable inference that said defendant is liable for that particular cause of action.  (Dkt. 21, p. 7).  *See*, *e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996)("Anderson's

16

complaint is a perfect example of 'shotgun' pleading that is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"). This Court also expressly warned Plaintiff that he must allege *facts* showing each defendant's actual personal involvement in each of the alleged wrongs. *Id*. *See also*, *e.g.*, *Smart v. Pennsylvania Public Utilities Commission* No. 96-3586, 1996 WL 442618 at *4 (E.D. Pa., Aug. 2, 1996)(instructing that a Complaint "should clearly identify each defendant, the conduct of each defendant allegedly harming him, and the relief he seeks, setting forth the facts relating to each defendant and to each claim*); Schiano v. MBNA*, 2013 WL 2452681 at *7 (D.N.J., Feb. 11, 2013)(reiterating that a plaintiff must "make clear which claims are being asserted specifically against which defendants, and the specific factual basis for each claim against each defendant, as well as the specific relief being sought and the grounds for that relief").

Plaintiff has ignored these clear admonitions.  While Plaintiff does attempt to allege six separate cause of action (including a cause of action against Incipio for contributory infringement), the allegations contained within these six Counts are conclusory – and are therefore not entitled to a presumption of truth.  No factual details are provided.  Instead, in each instance (including the allegations of contributory infringement against Incipio), Plaintiff attempts to incorporate, by bulk reference, all of the allegations contained in all of the prior paragraphs of the

17

Second Amended Complaint.  (Dkt. 23, ¶¶35, 40, 47, 56, 61 & 68).  This undifferentiated "dump" of prior allegations (without regard to the particular cause of action being pled or the particular defendant accused) fails to provide adequate notice to Incipio – and leaves Incipio to guess at which of these prior allegations (if any) Plaintiff believes are actually relevant.

### 2. Plaintiff Fails To Provide Any Factual Support For His Conclusory Allegation That The Accused Incipio Products Have No Substantial Non-Infringing Use

Count VI of Plaintiff's Second Amended Complaint is also fatally defective because it fails to allege any factual support (anywhere in the document) for his conclusory allegation that the accused Incipio products are "not staple articles of commerce suitable for substantial noninfringing use…"[8]  (Dkt. 23, ¶72).  *See, e.g.*, *Bill of Lading*, 691 F.3d at 1337 ("To state a claim for contributory infringement… a plaintiff must…plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses").  This Court even

---

[8] A substantial, non-infringing use is any use that is not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.  *See, e.g.*, *Bill of Lading*, 691 F.3d at 1337.  Moreover, that practicing the patented invention may be the most logical or useful purpose for the product does not render alternative uses unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.  *Id*. at 1338.

expressly warned Plaintiff about this pleading requirement when dismissing his First Amended Complaint.[9]  (Dkt. 21, p. 5 & p. 6, n. 2).

      Not only is the Second Amended Complaint devoid of any factual support for Plaintiff's conclusory allegation, it contains evidence that specifically rebuts this assertion.  For example, Exhibits D & I to the Second Amended Complaint (*i.e.*, advertisements for the Incipio Wallet Folio) clearly establish that the feather[®] case/snap-on shell is detachable/can be removed from the folio wallet.  This allows two readily apparent substantial non-infringing uses, namely: (1) use of the feather[®] case/snap-on shell as a stand-alone case for a phone; and (2) use of the folio wallet without a phone.  *See*, *e.g.*, *Bill of Lading*, 691 F.3d at 1339 (formal claim construction is not required to reach the conclusion that a complaint affirmatively establishes that a defendant's products can be used for non-infringing purposes, nor is it required to determine that these uses are substantial).

---

[9] Merely alleging that "Incipio's Compartmentalized Cases have no substantial use apart from housing mobile electronic devices such as cell phones and/or smart phones" is insufficient – as this statement is again just conclusory.  (Dkt. 23, ¶22). It also ignores all of the other limitations of the claims (*i.e.*, it just assumes that all other limitations of the unidentified claim are also met) and, as discussed below, is demonstrably false (because the Second Amended Complaint itself establishes at least two substantial non-infringing uses).

### 3.   Plaintiff Fails To Provide Any Factual Support For His Conclusory Allegation That The Accused Incipio Products Are A Material Part Of The Claimed Invention

Equally fatal is Plaintiff's failure to provide any factual support (anywhere in the Second Amended Complaint) for his even more conclusory statement that the accused products "constitute a material part of the invention" claimed in the patent-in-suit.  (Dkt. 23, ¶70).  In fact, Plaintiff even fails to identify the patent claim(s) at issue.  Again, this Court expressly warned Plaintiff about this critical pleading requirement when dismissing his First Amended Complaint, and this admonition was plainly disregarded.  (Dkt. 21, p. 6, n. 2).  *See also*, *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

### 4.   Plaintiff Fails To Provide Any Factual Support For His Conclusory Allegation That A Third Party Used The Accused Incipio Products To Directly Infringe

Plaintiff also fails to provide any factual support (anywhere in the Second Amended Complaint), or to even properly allege, that a third-party used the accused Incipio products to directly infringe the patent-in-suit.  *See*, *e.g.*, *Straight Path IP Group Inc., v. Vonage Holdings Corp.*, Civil Action No. 140502 at p. 6 (D.N.J., March 26, 2014).  Indeed, as discussed above, the only other party even mentioned in the Second Amended Complaint is RadioShack – and Plaintiff's allegations of direct infringement against RadioShack are deficient, even under Form 18 (let alone under *Twombly* and *Iqbal*).  Yet again, this Court specifically

20

warned Plaintiff about this pleading requirement when dismissing his First

Amended Complaint.[10]  (Dkt. 21, p. 6,  2).  *See also*, *Fujitsu*, 620 F.3d at 1326.

### 5.   Plaintiff Fails To Provide Adequate Notice Of The Accused Incipio Products

Plaintiff's allegations of contributory infringement are also deficient, as they

are based on the alleged importation, sale, and/or offer for sale of "Incipio's

Compartmentalized Cases."  (Dkt. 23, ¶69).  As discussed above in Section

II(A)(2), this phrase is impermissibly vague, ambiguous, and open-ended.  (Dkt.

23, ¶¶17 & 18).  In fact, Plaintiff's failure to properly identify the accused products

is even more pronounced given the heightened requirements of *Twombly*/*Iqbal*.

### 6.   Plaintiff Fails To Provide Any Factual Support For His Conclusory Allegation That Incipio Had Knowledge Of The Patent-In-Suit Since Issuance

Finally, Plaintiff's Second Amended Complaint alleges that, on information

and belief, Incipio "knew of the '852 Patent at least as early as the issue date of the

'852 Patent, April 16, 2013."  (Dkt. 23, ¶63).  This allegation was then

incorporated by bulk reference into Plaintiff's claim for contributory infringement.

(Dkt. 23, ¶68).  However, Plaintiff provides no factual support for this bare

"information and belief" conclusory statement.  Indeed, Plaintiff compounds this

issue by later vaguely and ambiguously alleging: (1) that Incipio "knows" (present

---

[10] This Court also notified Plaintiff that his First Amended Complaint failed to allege ***how*** the accused products actually infringe any particular claims of the '852 Patent.  (Dkt. 21, p. 5)(emphasis included).

tense only) its accused products are especially adapted for use in infringing the patent-in-suit; and (2) that Incipio "*had actual notice* of infringement" of the patent-in-suit "on *or before* the fling of the complaint in this matter." (Dkt. 23, ¶¶71 & 72)(emphasis added). Plaintiff therefore fails to provide Incipio with fair notice as to the temporal scope of its alleged contributory infringement, and certainly fails to provide factual support for an extension of his contributory infringement claim back to the purported issue date of the patent-in-suit (*i.e.*, April 16, 2013). Requiring an appropriate temporal limitation at the pleading stage is critical – as Plaintiff's anticipated costly and resource-consuming discovery will assuredly seek information for periods of time well prior to any plausible inference of knowledge that can be derived from his alleged facts.

### B. Plaintiff Fails To Adequately Plead Contributory Infringement By RadioShack

The same failures and arguments detailed above apply with equal or more weight to Plaintiff's virtually identical allegations of contributory infringement levied against RadioShack in Count III of the Second Amended Complaint. (Dkt. 23, ¶¶47-55). For example, Plaintiff provides absolutely no factual support for his conclusory allegations: (1) that RadioShack "knew of the '852 Patent at least as early as…April 16, 2013;" and (2) that RadioShack "had actual notice of infringement of the '852 Patent on or before the filing of the complaint in this matter." (Dkt. 23, ¶¶42, 47 & 52). As Plaintiff is well aware, contributory

infringement requires knowledge of the patent-in-suit.  *See*, *e.g.*, *Aro Manufacturing Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964); *Bill of Lading*, 691 F.3d at 1337 (stating that the product must be known by the party to be especially made or especially adapted for use in an infringement of the patent).  And, if Plaintiff's allegations are limited to post-filing activity, such a temporal limitation should be made clear.[11]

## V.   PLAINTIFF'S INDUCEMENT OF INFRINGEMENT ALLEGATIONS ARE INCOMPLETE, CONCLUSORY, AND NOT FACTUALLY SUPPORTED

### A.   Plaintiff Fails To Adequately Plead Inducement Of Infringement By Incipio

Plaintiff's allegations of inducement (Count V) similarly fail to provide Incipio with adequate notice and fail to state a cause of action under against Incipio under the pleading standards established by *Twombly* and *Iqbal* – and should therefore be dismissed.  (Dkt. 23, ¶¶61-67).  Indeed, Count V of Plaintiff's Second Amended Complaint contains at least four fatal flaws, any one of which provides a sufficient, independent basis for dismissal.

---

[11] Plaintiff also fails to indicate which "filing" date is being referenced. RadioShack was not named as a defendant until the First Amended Complaint, which was filed almost a year after the original Complaint.

### 1. Plaintiff Fails To Provide Factual Allegations Directly Tied To Its Inducement Claim

As detailed above in Section IV(A)(1), Plaintiff's Second Amended Complaint fails to tie its purported "factual" allegations (from its "Background" Section) to any specific cause of action. Instead, Plaintiff attempts to incorporate all 20+ "Background" paragraphs into each and every one of his six Counts by bulk reference – forcing Incipio to speculate as to which of those allegations Plaintiff truly believes relevant to his inducement claim against Incipio. (Dkt. 23, ¶¶35, 40, 47, 56, 61 & 68). This confusion is even further magnified by Plaintiff's decision to also include each and every other prior allegation contained in his Second Amended Complaint (including all allegations from prior Counts). *Id*.

### 2. Plaintiff Fails To Allege That Incipio Possessed The Specific Intent To Encourage Direct Infringement By Others

Plaintiff's claim of inducement is also fatally flawed by its failure to allege that Incipio possessed specific intent to encourage direct infringement by others (let alone provide factual support sufficient to raise a plausible inference of such specific intent). This is a separate and distinct pleading requirement, in addition to any allegation that Incipio knowingly induced a third party to perform a specific act. *See*, *e.g.*, *Straight Path*, Civil Action No. 140502 at p. 5. Plaintiff was also expressly warned about this pleading requirement in this Court's Order dismissing his First Amended Complaint. (Dkt. 21, p. 6, n. 2).

24

### 3. Plaintiff Fails To Provide Any Factual Support For His Conclusory Allegation That A Third Party Used The Accused Incipio Products To Directly Infringe

As detailed above in Section III(A)(4), Plaintiff also fails to provide any factual support (anywhere in his Second Amended Complaint), or to even properly allege, that a third-party used the accused products to directly infringe the patent-in-suit. *See*, *e.g.*, *Straight Path*, Civil Action No. 140502 at p. 6. Again, this was yet another pleading requirement for which Plaintiff was provided an express warning. (Dkt. 21, pp. 5 & 6). *See*, *e.g.*, *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068, 179 L.Ed.2d 1167 (2011).

### 4. Plaintiff Fails To Provide Adequate Notice Of The Accused Incipio Products

Plaintiff's allegations of inducement are based on the importation, sale, and/or offer for sale of "Incipio's Compartmentalized Cases." (Dkt. 23, ¶62). However, as discussed above in Sections II(A)(2) and III(A)(5), the definition of this phrase is impermissibly vague, ambiguous, and open-ended. (Dkt. 23, ¶¶17 & 18).

### 5. Plaintiff Fails To Provide Any Factual Support For His Conclusory Allegation That Incipio Had Knowledge Of The Patent-In-Suit Since Issuance

Finally, Plaintiff' Second Amended Complaint again lacks any factual support for its conclusory allegation that, on information and belief, Incipio "knew of the '852 Patent at least as early as the issue date of the '852 Patent, April 16,

2013." (Dkt. 23, ¶63). Plaintiff then compounds the issue by vaguely and ambiguously alleging: (1) that Incipio "*has actively induced* and continues to actively induce" infringement by others; and (2) that Incipio "*had actual notice* of infringement" of the patent-in-suit "on *or before* the fling of the complaint in this matter."[12] (Dkt. 23, ¶¶62 & 64)(emphasis added). Plaintiff therefore fails to provide Incipio with fair notice as to the temporal scope of its inducement allegations, and certainly fails to provide factual support for any extension of such a claim back to the purported issue date of the patent-in-suit (*i.e.*, April 16, 2013). *See*, *e.g.*, *Global-Tech*, 131 S.Ct. at 2068 (inducement of infringement requires knowledge that the induced acts constitute patent infringement); *Callwave Communications LLC v. AT&T Mobility LLC*, Civil Action No. 12-1701 at p. 5 (D. Del., January 28, 2014)(dismissing induced infringement claim, at least in part, because it failed to allege any basis for knowledge prior to the filing of the *original* complaint)(emphasis added). As mentioned previously, having such a temporal limitation memorialized at the pleading stage is critical – as Plaintiff's anticipated costly and time-consuming discovery will assuredly seek information for periods of time well prior to any plausible inference of knowledge that can be derived from his alleged facts.

---

[12] Plaintiff also fails to explain how he could have properly alleged inducement in the original Complaint if Incipio only had knowledge on its filing.

**B.     Plaintiff Fails To Adequately Plead Inducement Of Infringement By RadioShack**

The same failures and arguments detailed above apply with equal or more weight to Plaintiff's virtually identical allegations of inducement levied against RadioShack in Count II of the Second Amended Complaint.  (Dkt. 23, ¶¶40-46). For example, Plaintiff provides absolutely no factual support for his conclusory allegations: (1) that RadioShack "knew of the '852 Patent at least as early as…April 16, 2013;" and (2) that RadioShack "had actual notice of infringement of the '852 Patent on or before the filing of the complaint in this matter."  (Dkt. 23, ¶¶42 & 43).  Again, it is black letter law that inducement of infringement is impossible without knowledge of the patent-in-suit.  *See*, *e.g.*, *Global-Tech*, 131 S.Ct. 2060 at 2068; *DSU Medical Corp. v. JMS Co.,* 471 F.3d 1293, 1304 (Fed. Cir. 2006)(holding that the requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent).  And, if Plaintiff's allegations of inducement by RadioShack are limited to post-filing activity, the Second Amended Complaint should make such a limitation clear. [13]

---

[13] Again, Plaintiff fails to indicate which "filing" date is being referenced, or how he could have properly alleged inducement by RadioShack in the First Amended Complaint if RadioShack only allegedly had knowledge of the patent-in-suit on the filing of that First Amended Complaint.

## VI.   WILLFUL INFRINGEMENT

### A.   Plaintiff's Willful Infringement Allegations Are Incomplete, Conclusory, And Not Factually Supported

Plaintiff alleges in a mere conclusory fashion (and on "information and belief") that all three types of infringement asserted against Incipio have been (and continue to be) "willful wanton, and deliberate." (Dkt. 23, ¶¶59, 66 & 75). Plaintiff, however, omits any factual support (required under *Twombly* and *Iqbal*) that would allow this Court to draw the reasonable inference that Incipio had knowledge of the patent-in-suit ***before the filing of the original Complaint (on September 19, 2013)***.[14]  *See, e.g.*, *In re Seagate Technology, LLC,* 497 F.3d 1360, 1374 (Fed. Cir. 2007)(stating that, in ordinary circumstances, willfulness will depend on an infringer's pre-litigation conduct, because, while willfulness is an ongoing offense that can continue after litigation has commenced, a patentee must have a good faith basis for alleging willful infringement in the original complaint); *Callwave Communications*, Civil Action No. 12-1701 at pp. 3-4 (D. Del., Jan. 28, 2014)(finding that allegations of willfulness in an amended complaint cannot be solely based on conduct post-dating the filing of the *original* complaint)(emphasis added).  Indeed, Plaintiff notably hedges on the date of Incipio's actual knowledge,

---

[14] As discussed above, Plaintiff provides absolutely no factual support for his "information and belief" allegation that Incipio had actual knowledge of the patent-in-suit by April 16, 2013 (its purported date of issue).  (Dkt. 23, ¶63).  Moreover, this April 16, 2013 knowledge allegation is not made in connection with its claim of direct infringement (Count IV).

and even concedes (at least twice) that Incipio may not have had actual knowledge of the patent-in-suit until the filing of his Complaint.  (Dkt. 23, ¶¶64 & 73). Plaintiff also fails to allege that Incipio acted recklessly (*i.e.*, acted despite an objectively high likelihood that its actions infringed the patent-in-suit).  *Seagate*, 497 F.3d at 1371.

### B.     Plaintiff Fails To Adequately Plead Willful Infringement By RadioShack

Plaintiff similarly alleges "on information and belief" that all three types of infringement asserted against RadioShack were (and continue to be) willful.  (Dkt. 23, ¶¶38, 45 & 54).  However, Plaintiff again fails to plead the necessary factual support that would allow this Court to draw the reasonable inference that RadioShack had knowledge of the patent-in-suit ***before the filing of the original Complaint (on September 19, 2013)***.[15]  *See*, *e.g.*, *Seagate,* 497 F.3d at 1374. Moreover, just as with Incipio, Plaintiff repeatedly hedges on the date of RadioShack's actual knowledge, and even concedes (at least twice) that RadioShack may not have had actual knowledge of the patent-in-suit until the filing of the First Amended Complaint.  (Dkt. 23, ¶¶43 & 52).  Plaintiff also fails to allege that RadioShack acted despite an objectively high likelihood that its actions

---

[15] As discussed above, Plaintiff provides absolutely no factual support for his "information and belief" allegation that RadioShack had actual knowledge of the patent-in-suit by April 16, 2013 (its purported date of issue).  (Dkt. 23, ¶63). Moreover, this April 16, 2013 knowledge allegation is not made in connection with its claim of direct infringement (Count IV).

infringed the patents-in-suit.  *Seagate,* 497 F.3d at 1371.  Instead, Plaintiff only

makes the conclusory assertion that RadioShack continues to infringe.

## VII.   CONCLUSION

For the reasons stated above, Incipio and RadioShack's present Motion to

Dismiss Plaintiff's Second Amended Complaint should be GRANTED in its

entirety without leave to amend.

Dated:  November 13, 2014          By:          s/ Vincent E. McGeary
                                               Vincent E. McGeary, Esq.
                                               McGEARY CUKOR LLC
                                               7 Dumont Pl.
                                               Morristown, New Jersey 07960
                                               Telephone (973) 339-7985
                                               Facsimile (973) 339-7985
                                               vmcgeary@mcgearycukor.com

                                               Of counsel:
                                               Christopher H. Strate, Esq.
                                               **GIBBONS P.C.**
                                               One Gateway Center
                                               Newark, New Jersey 07102
                                               Telephone (973) 596-4894
                                               Facsimile (973) 596-0545

                                               *Attorneys for Defendants*
                                               *Incipio Technologies, Inc. and*
                                               *Radioshack Corporation*