Vincent E. McGeary, Esq.
**McGeary Cukor, LLC**
7 Dumont Place
Morristown, New Jersey 07960
Telephone (973) 339-7985
Facsimile (973) 200-4845

Christopher H. Strate, Esq.
**GIBBONS, P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone (973) 596-4500
Facsimile (973) 596-0545

*Attorneys for Defendants*
*Incipio Technologies, Inc. and*
*RadioShack Corporation*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN T. ZIEMBA,<br><br>               Plaintiff,<br><br>v.<br><br>INCIPIO TECHNOLOGIES, INC., and<br>RADIOSHACK CORPORATION,<br><br>               Defendants. | **DEFENDANTS INCIPIO TECHNOLOGIES, INC. AND RADIOSHACK CORPORATION'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Civil Action No.:  2:13-cv-05590 (JLL/JAD)<br><br>Motion Day:  December 15, 2014 |

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................1

II.     DIRECT INFRINGEMENT ..................................................................2

    A.     Failure To Allege Accused Products Embody The Patented
        Invention.......................................................................................2

    B.     Failure To Provide Adequate Notice Of The Accused Products .........4

    C.     Use Of "And/Or" To Evade Specifying The Acts Of
        Infringement .................................................................................7

III.    CONTRIBUTORY INFRINGEMENT ....................................................8

    A.     Failure To Tie Factual Allegations Directly To Each Claim ...............8

    B.     Failure To Support Conclusory Allegations Of Knowledge................9

    C.     Failure To Support Conclusory Allegations Of No Substantial
        Non-Infringing Use And Materiality ................................................ 10

    D.     Failure To Support Conclusory Allegations Of Direct
        Infringement ........................................................................... 11

IV.     INDUCEMENT OF INFRINGEMENT.................................................. 12

    A.     Failure To Allege That Defendants Possessed The Specific
        Intent To Encourage Direct Infringement By Others........................ 12

    B.     The Contributory Infringement Pleading Defects Detailed
        Above Apply Equally To Plaintiff's Claims Of Inducement............ 13

V.      WILLFUL INFRINGEMENT................................................................ 13

    A.     Failure To Support Conclusory Allegations Of Knowledge............. 13

    B.     Failure To Allege Any Reckless Acts ............................................. 14

VI.     CONCLUSION..................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. District Board of Trustees of Central Florida Community College*,
77 F.3d 364 (11th Cir. 1996) ...................................................................8

*Aro Manufacturing Co. v. Convertible Top Replacement Co.*,
377 U.S. 476 (1964) .................................................................................9

*Bay Industries, Inc. v. Tru-Arx Manufacturing, LLC*,
2006 WL 3469599 (E.D. Wis., Nov. 29, 2006) .....................................6

*Bel Fuse Inc. v. Molex Inc.*,
2014 U.S. Dist. LEXIS 81954 (D.N.J. June 16, 2014) ........................12

*Bender v. LG Electronics U.S.A., Inc.*,
2010 WL 889541 (N.D. Cal., March 11, 2010) ................................4, 5

*Callwave Communications LLC v. AT&T Mobility LLC*,
2014 U.S. Dist. LEXIS 15374 (D. Del., January 28, 2014)................13

*Hewlett-Packard Co. v. Intergraph Corp.*,
2003 WL 23884794 (N.D. Cal., Sept. 6, 2003).....................................6

*In re Bill of Lading Transmission and Processing System Patent Litigation*,
681 F.3d 1323 (Fed. Cir. 2012) ...............................................................4

*In re Seagate Technology, LLC*,
497 F.3d 1360 (Fed. Cir. 2007) .............................................................14

*Infineon Technologies AG v. Volterra Semiconductor Corp.*,
2012 U.S. Dist. LEXIS 128660 (N.D. Cal., Sept. 10, 2012)................5

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354, 1357 (Fed. Cir. 2007) ..................................................2

*Radiation Stabilization Solutions, Inc. v. Varian Medical Systems Inc.*,
2012 WL 3757489 (N.D. Ill., Aug. 28, 2012).......................................4

*Ricoh Co. v. Quanta Computer, Inc.*,
550 F.3d 1325 (Fed. Cir. 2008) ...........................................................11

**Statutes**

35 U.S. C. §271 ............................................................................................................7

35 U.S.C. §271(a) .........................................................................................................2

## I.    INTRODUCTION

Form 18 is a short and straightforward pleading that provides the minimum requirements for alleging a claim of direct infringement.  The requirements for indirect infringement claims are equally well-established.  Remarkably, instead of simply replicating Form 18 and properly conforming his allegations to these well-established requirements, Plaintiff (in what appears to be a purposeful strategy) has chosen to omit both critical allegations (such as those plainly set forth in Form 18) and the requisite factual support for his conclusory allegations of indirect infringement.  Both mandate dismissal.  Plaintiff's repetitive assertion of willful infringement is also properly dismissed, as he fails to provide any factual support for his conclusory allegation that Defendants had actual knowledge of the patent-in-suit prior to the filing of the original Complaint (a well-established requirement).

Nowhere in Plaintiff's Opposition is there an explanation as to why these pleading requirements were not strictly followed.  Rather, the Opposition argues (without any cited support) that these requirements are unnecessary, or are somehow met by piecing together scattered allegations from the "Background" section of the Second Amended Complaint (in contradiction of the express guidance provided by this Court).  As this is now Plaintiff's third failed attempt to plead infringement, dismissal without leave to amend is appropriate.

## II.   DIRECT INFRINGEMENT

### A.   Failure To Allege Accused Products Embody The Patented Invention

Form 18 requires that a claim for direct patent infringement (of a product) must, at a minimum: (1) specify the defendant's alleged infringing activity; and (2) state that the accused product that is the subject of the allegedly infringing activity actually embodies the patented invention (*i.e.*, it satisfies all elements of at least one claim).  *See* Form 18 ("The defendant has infringed and is still infringing the Letters Patent by making, selling, and using [products] that embody the patented invention….").  *See also*, *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)(direct infringement requires an allegation that the defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent").  Contrary to Plaintiff's unsupported contention, merely alleging that the defendant infringes the patent-in-suit under 35 U.S.C. §271(a) by making using, and/or selling the accused product is insufficient, and would render the critical "embodying" language contained in Form 18 (which is already a minimalist document) entirely superfluous.[1]

Plaintiff's Second Amended Complaint lacks this critical language.  Nor is

---

[1] Plaintiff's reliance on *Bel Fuse* is misplaced.  The issue in that case was whether the infringement allegation was unduly broad – not whether critical allegations set forth in Form 18 could be ignored.   Indeed, Plaintiff admits that the *Bel Fuse* Complaint specifically alleged that the accused products were all "covered by one or more claims of each of the asserted patents."  (Dkt. 27, p. 10).

this fatal omission accidental, as Plaintiff clearly deleted language that had been prominently set forth in both of his prior Complaints (*i.e.*, allegations that the accused products were "covered by one or more claims" of the patent-in-suit). (Dkt. 1, ¶17)(Dkt. 12, ¶21).  Instead, Plaintiff (in a *post hoc* fashion) now attempts to cite a series of random allegations scatted throughout his "Background" section (Dkt. 23, ¶¶13, 17, 18 & 31) – none of which even comes close to asserting that the accused products embody the patented invention (*i.e.*, are covered by one or more of the patent claims).  Most notably, Plaintiff's argument that he notified Incipio (in letters) that its Compartmentalized Cases "read on" one or more claims (Dkt. 23, ¶31) is not a substitute for actually making that allegation in his Second Amended Complaint.[2]  Quite the opposite, the fact that Plaintiff points to allegations contained within the contents of letters (as opposed to allegations affirmatively made in his Complaint) further evidences how Plaintiff has carefully and purposefully avoided making the requisite direct infringement allegations in a pleading that is signed and certified under Rule 11.[3]  Moreover, these letters are

---

[2] Paragraph 31 is also facially incorrect, as the Second Amended Complaint defines "Compartmentalized Cases" to be much broader than the four products mentioned in Plaintiff's 2013 letters.  (Dkt. 23, ¶¶17 & 18)(Dkt. 23, Ex. J).

[3] Plaintiff avoids providing any explanation for why he did not simply follow the plain language of Form 18.  The reason is clear.  As detailed in Defendants' Opening Brief, any allegation Plaintiff might make in a signed pleading that the accused Incipio products embody the patented invention is not even plausible on its face.  That is because: (1) direct infringement requires satisfaction of each and every element of a claim (Dkt. 21, p. 6, n. 2); (2) all three independent claims of

heavily redacted and omit the very claim charts Plaintiff repeatedly references, and upon which he improperly attempts to rely.  These claim charts, even if attached, are not helpful to Plaintiff's position (which is likely why they were omitted).  Moreover, as Plaintiff was expressly warned by this Court, he cannot attempt to amend his Complaint by way of a brief in opposition to a Motion to Dismiss.  (Dkt. 21, p. 6).

## B.      Failure To Provide Adequate Notice Of The Accused Products

Plaintiff's identification of the accused Incipio products is also improperly vague, ambiguous, and open-ended.  As the cases cited in the Opening Brief make clear, it is impermissible (even under Form 18) to leave the list of accused products open-ended.  *See*, *e.g.*, *Bender v. LG Electronics U.S.A., Inc.*, 2010 WL 889541 at *2-6 (N.D. Cal., March 11, 2010); *Radiation Stabilization Solutions, Inc. v. Varian Medical Systems Inc.*, 2012 WL 3757489 at *2 (N.D. Ill., Aug. 28, 2012);*Infineon*

---

the patent-in-suit (Nos. 1, 8 & 12) require that the "compartmentalized protective case" of the purported invention must comprise "a portable handheld electronic device" that is "housed within the major compartment" of the case; and (3) it is undisputed that Incipio does not manufacture, import, offer for sell, or sell any such portable handheld electronic device, let alone one already housed within the case.  Nor is there any allegation that RadioShack sells cases with electronic devices housed therein.  Quite the contrary, Plaintiff's Exhibit G confirms that RadioShack sells its case and any electronic device separately.  *See*, *e.g.*, *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)  (it is appropriate for a court to determine that the patent claims do not cover the accused products, even in the context of a motion to dismiss, when such a conclusion is so clear it does not require a formal claim construction).

*Technologies AG v. Volterra Semiconductor Corp.*, Case No. C-11-6239 MMC,

2012 U.S. Dist. LEXIS 128660 (N.D. Cal., Sept. 10, 2012).  Even worse, Plaintiff

does so by vaguely and ambiguously defining the term "Incipio's

Compartmentalized Cases" to include all products that meet certain claim language

(which is tantamount to making an entirely circular allegation that Plaintiff is

accusing all products that satisfy one or more of the patent's claims).[4]  (Dkt. 23,

¶¶17 & 18).

This evasiveness is especially problematic where, as here, Incipio imports,

offers for sale, and sells a large number of different cases (and RadioShack offers

for sale, and sells a large number of different cases as well) – as that improperly

---

[4] Plaintiff's attempt to distinguish *Bender, Radiation, and Infineon* is misplaced.

Plaintiff's open-ended allegation that the accused products "include" four specifically identified products (Dkt. 23, ¶18), when combined with his evasive allegation that "at least" this list of accused products infringe (Dkt. 23, ¶¶36 & 57), is certainly no better than the improper allegation in *Bender* that identified a list of specific products "by way of example and without limitation."

Plaintiff's assertion that *Radiation* requires a second "catch all" is incorrect. However, even if required, it is clearly supplied by Plaintiff's use of claim language to define additional accused products (Dkt. 23, ¶18).  In fact, the use of the phrase "systems that use IGRT" provided the *Radiation* defendant with even more notice than Plaintiff's use of the claim language "compartmentalized protective cases configured with a first compartment for receiving and housing a portable handheld electronic device and a second compartment configured for receiving and housing personal items" provides Defendants in this case – as IGRT was a known standard.  In stark contrast, Plaintiff's claim language is vague and ambiguous and certainly has no defined meaning until after claim construction.

Finally, with respect to *Infineon*, Plaintiff fails to explain how Infineon's reference to "other products" is impermissible under Form 18, but his opened-ended use of the terms "including" and "at least" (Dkt. 23, ¶¶18, 36 & 57) is proper.

shifts the burden of identifying the accused products from Plaintiff to Defendants.[5]

*See, e.g., Hewlett-Packard Co. v. Intergraph Corp.*, 2003 WL 23884794 at *1

(N.D. Cal., Sept. 6, 2003); *Bay Industries, Inc. v. Tru-Arx Manufacturing, LLC*,

2006 WL 3469599 at *2 (E.D. Wis., Nov. 29, 2006)(requiring a defendant to

compare several different products to several claims in order to formulate a

response presents an unreasonable burden, especially when the plaintiff bears the

burden of proof on infringement; a defendant should not have to guess at which of

its products are accused).[6]   Indeed, Plaintiff has no excuse for his failure to identify

all of the accused products, as Defendants' cases are public ally available.   If

Plaintiff later identifies additional products during discovery, he can seek leave to

amend at that time.[7]

_____

[5] Plaintiff's identification of four specific accused products is irrelevant – as the open-ended nature of his allegations still requires Defendants to conduct an infringement analysis on every single one of their cases in order to properly respond to the Second Amended Complaint.  Nor, again, can Plaintiff rely on claim charts intentionally omitted from his Second Amended Complaint.  (Dkt. 27, p. 14).

[6] Plaintiff's attempt to distinguish *HP* and *Bay Industries* is misplaced given this large number of potentially accused products.  Importantly, Plaintiff's claims of direct infringement are not limited to Incipio cases (given repeated use of the open-ended qualifier "at least").  (Dkt. 23, ¶¶36 & 57).

[7] Plaintiff also mistakenly relies on *Bel Fuse*.  As Plaintiff admits, the complaint in *Bel Fuse* identified the allegedly infringing product lines by name, the type of end-products which incorporated the accused products, and the names of the third-party infringers.  (Dkt. 27, p. 13).  Further, there was no attempt to define additional accused products through use of vague and ambiguous claim language.

## C.    Use Of "And/Or" To Evade Specifying The Acts Of Infringement

Plaintiff's attempt to allege almost every possible act of direct infringement set forth in the governing statute (35 U.S. C. §271), and doing so in the alternative, forces Defendants to guess at which acts of direct infringement they are really being accused of committing.  While alternative pleading may be common in other circumstances, it is not endorsed by the language of Form 18.[8]  This is especially true where, as here, Plaintiff appears to be including these allegations so as to obscure the true nature and scope of his claims.[9]  To the extent Plaintiff wanted to allege each of the numerous infringing activities pled as a separate basis for his claims of direct infringement, he should have done so without ambiguity.[10]

_____

[8] The requirements of Form 18 should be strictly construed – because it constitutes a departure from the standards of *Twombly* and *Iqbal*, and only exists because Federal Rule of Civil Procedure 84 provides that forms in the Appendix are sufficient.  *See*, *e.g.*, *In re Bill of Lading*, 681 F.3d at 1334.

[9] Plaintiff misses the point when he argues that even a single act is enough to support a finding of infringement.  (Dkt. 27, pp. 17-18).  The point is that the pleading requirements exist to ensure fair notice to Defendants.  Moreover, and contrary to Plaintiff's assertion, it is entirely improper to assert multiple acts in the alternative when there is no legal basis or factual support to do so, or merely to create ambiguity to mask the actual allegation.

[10] Plaintiff's evasiveness is also highlighted by his attempt to now couch all of his allegations of direct infringement in terms of his "information and belief."  (Dkt. 23, ¶¶36 & 57).  Indeed, Plaintiff is actually providing Defendants with less notice than before – as his first two Complaints did not allege direct infringement "on information and belief."  (Dkt. 1, ¶17) (Dkt. 12, ¶21).  Again, Form 18 does not contain any such language.  Nor is this type of disclaimer necessary when, as here, Defendants' products are publically available.  If Plaintiff wants to evasively plead infringement "on information and belief," he should (at a minimum) set forth the

## III.   CONTRIBUTORY INFRINGEMENT

### A.   Failure To Tie Factual Allegations Directly To Each Claim

This Court, in its Order dismissing the First Amended Complaint, warned Plaintiff against "shotgun pleading" – and expressly advised him that a proper pleading must inform the Defendants as to which allegations of fact are intended to support each individual claim for relief.  (Dkt. 21, pp. 7-8).  Plaintiff failed to take this admonition seriously.[11]  Indeed, Plaintiff's wholesale incorporation of his entire "Background" section, as well as all of his remaining prior allegations, into each successive cause of action (even if completely irrelevant to that cause of action) is exactly the evasive tactic condemned in *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996).[12]  Plaintiff's Opposition also confirms the inadequacy of this approach to pleading, as it continually refers to random paragraphs scattered throughout the Second Amended Complaint.  Defendants should not have to file a motion before learning which paragraphs are allegedly relevant to each claim – and which are not.

---

"information" on which this "belief" is allegedly based.  Otherwise, Plaintiff appears to be avoiding his duty to conduct an adequate pre-filing investigation.

[11] This Court advised Plaintiff that he must "present sufficient facts establishing **each** defendant's liability for **each** claim asserted."  *Id*. (emphasis included).

[12] Despite the *Anderson* case (cited in this Court's prior Order), given the Opposition's bold assertion that there is "absolutely no case law precedent to support the proposition that realleging and incorporating previous facts in a complaint renders the complaint subject to dismissal."  (Dkt. 27, p. 21).

### B.     Failure To Support Conclusory Allegations Of Knowledge

The Second Amended Complaint is also devoid of any factual support (as required by *Twombly*/*Iqbal*) for its conclusory allegation that Defendants "knew of the '852 Patent at least as early as the issue date of the '852 Patent, April 16, 2013." [13] (Dkt. 23, ¶¶63 & 68).  *See, e.g.*, *Aro Manufacturing Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)(contributory infringement requires actual knowledge of the patent-in-suit).  If Plaintiff wants to base his allegations of actual knowledge by Incipio on the letters attached as Exhibit J to the Second Amended Complaint, he should limit his allegations to that date (*i.e.*, October 2, 2013).[14]  Similarly, if Plaintiff wants to base his allegations of actual knowledge by RadioShack on his service of the First Amended Complaint, he should limit his allegations to that date (*i.e.*, sometime after July 18, 2014). Otherwise, Plaintiff must provide the purported "information" that supports his purported "belief" of earlier knowledge. As noted in the Opening Brief, it is important the temporal scope of this case be limited to that period for which Plaintiff's alleged facts provide plausible support.

---

[13]  Defendants completely unsupported assertion that "[o]nce the patent issued, Defendants had constructive notice…" is incorrect.  (Dkt. 27, p. 27).  Indeed, if true, it would render the entire patent marking statute (35 U.S.C. §287) irrelevant. Moreover, indirect infringement requires actual notice – not constructive notice.

[14] Plaintiff did not serve his original Complaint on Incipio until sometime after April 21, 2014 (*i.e.*, more than seven months after its filing).

### C.    Failure To Support Conclusory Allegations Of No Substantial Non-Infringing Use And Materiality

Plaintiff also fails to provide any factual support for his boilerplate allegation that the accused products are not staple articles of commerce suitable for substantial non-infringing use.  (Dkt. 23, ¶¶51 & 72).  In fact, Plaintiff's Opposition relies solely on Exhibit B-1 – a document which was only cited in passing, and without any explanation, in the Second Amended Complaint.  (Dkt. 27, p. 21)(Dkt. 23, ¶18).  And, as Plaintiff is well aware, his *post hoc* effort to explain the purported relevance of these Internet images in an Opposition is improper.  (Dkt. 21, p. 6)(stating it is "axiomatic" that a plaintiff cannot amend its complaint by way of a brief in opposition).  Moreover, merely attaching images of accused cases in conjunction with electronic devices does not establish an infringing use (let alone the lack of any substantial non-infringing use).[15]   *See*, e.g., *Bill of Lading*, 691 F.3d at 1337-38.  This is particularly true where (as here) Plaintiff fails to allege *how* any of these products infringe any particular claim.  (Dkt. 21, p. 5)(emphasis included).

Plaintiff's argument concerning the Incipio Wallet Folio is also without merit.  Exhibits D (pp. 39-40) & I (pp. 54-55) attached to the Second Amended

---

[15] Plaintiff's story is also fatally inconsistent.  Plaintiff argues that he has already pled that the cases themselves (without any electronic device) directly infringe.  However, if true, the addition of an electronic device is meaningless, and cannot constitute a further infringement.  (Dkt. 27, p. 11).

Complaint clearly establish that the feather® case/snap-on shell is detachable and can be removed from the folio wallet.  This allows two readily apparent substantial non-infringing uses, namely: (1) use of the feather® case/snap-on shell as a stand-alone case for a phone; and (2) separate use of the folio wallet for holding cash, credit cards, and ID.[16]  It is therefore proper for this Court to determine (in the context of the present Motion) that a substantial non-infringing use exists, as the documents establishing this use were attached by Plaintiff to his own pleading.[17]  *See, e.g., Bill of Lading*, 691 F.3d at 1339.

### D.    Failure To Support Conclusory Allegations Of Direct Infringement

Finally, Plaintiff also fails to set forth the required allegation that a third-party directly infringes.  Merely alleging that Defendants contributorily infringe the patent-in-suit by selling accused cases to unidentified "others" does not provide notice as to what these unidentified "others" actually did with those cases after they were sold, let alone that these unidentified post-sale acts of these unidentified

---

[16] Plaintiff provides absolutely no support for his erroneous assertion that these substantial, non-infringing uses can be ignored because the "portions" are sold "as part of a whole."  This is not a situation where a piece can be removed, and the product still operates in an allegedly infringing manner.  This is a situation where the Folio system can be separated into two separate and distinct products, both of which have a readily apparent, substantial non-infringing use.  *See, e.g., Ricoh Co. v. Quanta Computer, Inc.*, 550 F.3d 1325, 1338 (Fed. Cir. 2008) .

[17] Nor, again, is a claim construction required – as Plaintiff admits that any infringing  device must have *both*: (1) a first compartment for receiving and housing a portable handheld electronic device; and (2) a second compartment configured for receiving and housing personal items.  (Dkt. 23, ¶17 & 18).

"others" constitutes a direct infringement of the patent-in-suit.[18]  (Dkt. 23, ¶¶41 &

69)(Dkt. 27, pp. 22-23).  Plaintiff also fails to provide the factual support required

by *Twombly*/*Iqbal* as to *how* these unidentified acts by these unidentified "others"

allegedly constitute a direct infringement (as these "others" are not accused of

direct infringement in Counts I and IV).

## IV.   INDUCEMENT OF INFRINGEMENT

### A.   Failure To Allege That Defendants Possessed The Specific Intent To Encourage Direct Infringement By Others

Plaintiff's inducement claims are also fatally flawed by his failure to allege

that Defendants possessed specific intent to encourage direct infringement by

others.  Merely alleging that the Defendants "intentionally caused others to directly

infringe the '852 Patent and/or by intentionally instructing others how to use

Incipio's Compartmentalized Cases…" is insufficient – as the scienter required is

intent to encourage direct infringement, and not merely the intent to encourage

others to perform a specific act (*i.e.*, to follow instructions) which allegedly results

in a direct infringement.  *See* Dkt. 21, p. 6, n. 2 (this Court's explicit warning to

Plaintiff that a claim for inducement requires that the defendant: (1) intentionally

encourages the acts that constitute the direct infringement; *and* (2) knows that its

---

[18] Plaintiff ignores that the Complaint in *Bel Fuse* specifically identified the third-party direct infringers *by name*, a fact the Court used to distinguish that case from *Radiation Stabilization*.  *Bel Fuse Inc. v. Molex Inc*., 2014 U.S. Dist. LEXIS 81954, *22, n. 5 (D.N.J. June 16, 2014)  .

actions will cause direct infringement).  Moreover, even ignoring this pleading deficiency, Plaintiff fails to plead any factual support for any conclusory allegation of scienter.  *See* Dkt. 21, p. 5 (recounting this Court's prior dismissal of the First Amended Complaint because Plaintiff failed to plead "facts" that would allow the Court to draw the reasonable inference that anyone in particular acting on behalf of either Defendant possessed knowledge that their actions infringed the patent-in-suit).

### B.   The Contributory Infringement Pleading Defects Detailed Above Apply Equally To Plaintiff's Claims Of Inducement

The pleading defects discussed above in Sections III(A), III(C), III(D), and III(E) are also equally applicable to Plaintiff's claims of inducement.  If anything, they apply with even more force – as recent case law holds that a cause of action for inducement cannot be maintained without a factually supported allegation that each defendant had actual notice of the patent prior to the filing of the *original* Complaint – an allegation Plaintiff has not supported.  *See*, *e.g.*, *Callwave Communications LLC v. AT&T Mobility LLC*, Civil Action No. 12-1701, 2014 U.S. Dist. LEXIS 15374  (D. Del., January 28, 2014).   In fact, Plaintiff's Opposition completely ignores the *Callwave* case (cited by Defendants in their Opening Brief).

## V.   WILLFUL INFRINGEMENT

### A.   Failure To Support Conclusory Allegations Of Knowledge

Plaintiff's Opposition does not even attempt to substantively address the

shortcomings in his willfulness allegations.  Rather, he merely asserts (in a summary fashion) that his allegations are sufficient.  (Dkt. 27, pp. 28-29).

It is black letter law that willful infringement requires actual knowledge of the patent-in-suit prior to the initial filing of suit.  *See*, *e.g.*, *In re Seagate Technology, LLC,* 497 F.3d 1360, 1374 (Fed. Cir. 2007)(stating that, in ordinary circumstances, willfulness will depend on an infringer's pre-litigation conduct because, while willfulness is an ongoing offense that can continue after litigation has commenced, a patentee must have a good faith basis for alleging willful infringement in the original complaint); *Callwave*, Civil Action No. 12-1701 at pp. 3-4 (allegations of willfulness in an amended complaint cannot be solely based on conduct post-dating the filing of the original complaint).  Otherwise, a plaintiff would be provided a perverse incentive not to seek a Preliminary Injunction (and to simply allow increased damages to accrue).   Plaintiff not only ignores this well-settled law, he fails to provide any factual basis (*i.e.*, the who, what, when, and where) for his wholly conclusory allegations that Defendants had actual knowledge of the patent-in-suit prior to the filing of the original Complaint (*i.e.*, prior to September 19, 2013). [19]

---

[19] Further, Plaintiff's conclusory allegations of knowledge (Dkt. 23, ¶¶42 & 63) are not incorporated by reference into his claims of direct infringement (Counts I & IV), and thus cannot possibly support those allegations of willful infringement (Dkt. 23, ¶¶38 & 59) – even were this Court were to somehow find them sufficient.

**B.     Failure To Allege Any Reckless Acts**

Plaintiff also ignores his failure to allege that Defendants acted recklessly (*i.e.*, that they acted despite an objectively high likelihood that their actions infringed the patent-in-suit).  *Seagate,* 497 F.3d at 1371.  Indeed, Plaintiff knows that such an allegation is not even plausible on its face.  This is especially true given his failure to file a Motion for a Preliminary Injunction (despite the filing of the original Complaint almost 15 months ago), as well as his inability to even plead any form of infringement after three lengthy attempts.

## VI.   CONCLUSION

For the reasons stated above and in Defendants' Opening Brief, their Motion to Dismiss Plaintiff's Second Amended Complaint should be GRANTED in its entirety – and without leave to amend.

[SIGNATURES ON NEXT PAGE]

Dated:  December 8, 2014          By:          s/ Vincent E. McGeary
                                               Vincent E. McGeary, Esq.
                                               McGEARY CUKOR LLC
                                               7 Dumont Pl.
                                               Morristown, New Jersey 07960
                                               Telephone (973) 339-7985
                                               Facsimile (973) 339-7985
                                               vmcgeary@mcgearycukor.com

                                               Of counsel:
                                               Christopher H. Strate, Esq.
                                               **GIBBONS P.C.**
                                               One Gateway Center
                                               Newark, New Jersey 07102
                                               Telephone (973) 596-4894
                                               Facsimile (973) 596-0545

                                               *Attorneys for Defendants*
                                               *Incipio Technologies, Inc. and*
                                               *Radioshack Corporation*

16