<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN T. ZIEMBA,<br><br>            Plaintiff,<br><br>v.<br><br>INCIPIO TECHNOLOGIES, INC. AND RADIOSHACK CORPORATION,<br><br>            Defendants. | Civil Action No. 13-5590 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

**THIS MATTER** comes before the Court by way of Defendants Incipio Technologies, Inc.'s ("Incipio") and Radioshack Corporation ("Radioshack") (collectively, "Defendants")' motion to dismiss Plaintiff John T. Ziemba ("Plaintiff")'s Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [CM/ECF No. 26.] The Court has considered the submissions made in support of and in opposition to the instant motion and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Based on the reasons that follow, Defendants' motion to dismiss is granted in part and denied in part. Counts II, III, V, and VI of Plaintiff's Second Amended Complaint is dismissed *without* prejudice. Plaintiff has one <u>**final**</u> opportunity to file a Third Amended Complaint that cures the pleading deficiencies in these Counts on or before **January 19, 2015.**

### I.      <u>**BACKGROUND**</u>[1]

---

[1] The following facts are presumed to be true solely for purposes of this motion.

Plaintiff John Ziemba, a resident of New Jersey, brings this patent infringement action against Defendants Incipio Technologies, Inc. and Radioshack Corporation. Plaintiff specializes in research, development and innovation of intellectual property. (Second Amended Complaint (herein "SAC"), ¶10.) In this regard, "Plaintiff owns a number of patents and / or patent applications," which includes a patent for "compartmentalized protective cases for portable handheld electronic devices that secure both portable handheld devices and personal items such as money, credit cards, and / or identification cards in a convenient compact manner." (*Id.*, ¶¶10-11.) On April 16, 2013, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 8,418,852 ("'852 Patent") entitled "Compartmentalized Protective Case for Portable Handheld Electronic Devices." (*Id.*, ¶32.) Plaintiff is the inventor and owner of the full right, title and interest in the '852 Patent. (*Id.*, ¶33.)

"Defendant Incipio manufactures, uses, offers for sale, and/or sells compartmentalized protective cases for electronic devices, including smart phones." (*Id.*, ¶17.) Incipio's compartmentalized protective cases include, but are not limited to: "1) the STOWAWAY® Case for Samsung Galaxy S 4 (SA); 2) the STOWAWAY® Case for Apple iPhone 4/4S/5 (SA-iPhone); 3) WATSON WALLET, Folio Wallet Case with Removable Cover; and 4) STASHBACK for Apple iPhone 5. (*Id.*, ¶ 18.) These cases are distributed and sold throughout the United States, including in the District of New Jersey. (*Id.*, ¶19.) Defendant Radioshack "uses, offers for sale, and/or sells Defendant Incipio's compartmentalized protective cases with portable handheld electronic devices, including smart phones, housed therein." (*Id.*, ¶25.)

On July 18, 2014, Plaintiff filed an Amended Complaint alleging one count of patent infringement against both Defendants. [CM/ECF No. 12.] Defendants moved to dismiss on August 15, 2014. [CM/ECF No. 16.] On September 16, 2014, this Court dismissed Plaintiff's Amended

Complaint without prejudice. In the accompanying Opinion, this Court explained that dismissal was warranted because the Amended Complaint's sole count: (1) contained no facts; and, (2) grouped different causes of action against different defendants together. (Docket #21, pp. 5, 7.)

On October 16, 2014, Plaintiff filed a Second Amended Complaint alleging infringement of the '852 patent as against both Defendants. [CM/ECF No. 23.] Counts I through III, alleged against Radioshack, assert claims for direct, induced, and contributory infringement, respectively. (SAC ¶¶35-55.) Counts IV through VI, alleged against Incipio, also assert claims for direct, induced, and contributory infringement. (*Id.*, ¶¶56-76.) Defendants moved to dismiss on November 13, 2014. [CM/ECF No. 26.]

This Court's jurisdiction over Plaintiff's Second Amended Complaint is premised on 28 U.S.C. § 1331.

## II.   LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Twombly,* 550 U.S. at 545 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3rd Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly.* 550 U.S. at 555. Further, "[a] pleading

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.* Additionally, in evaluating a plaintiffs claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3rd Cir. 1994).

## III. DISCUSSION

### A. Plaintiff's Direct Infringement Claims as to Incipio and RadioShack (Counts I and IV)

Form 18 in the appendix of the Federal Rules of Civil Procedure, sets forth a sample complaint for direct patent infringement. As explained by the Federal Circuit, Form 18 requires:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (Internal citations omitted). "The sample complaint in the Appendix of Forms is relevant because Federal Rule of Civil Procedure 84 states that 'the forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.'" *Id.* (quoting Fed. R. Civ. P. 84). As such, a direct infringement claim is sufficient "[a]s long as the complaint in question contains sufficient factual allegations to meet the requirements of Form 18[.]" *Id.* at 1336.

At this stage, this Court is satisfied that Plaintiff has sufficiently alleged direct infringement claims against Incipio and Radioshack in a manner to survive Defendants' motion to dismiss. Plaintiff has made an allegation of jurisdiction (SAC ¶¶5-9); Plaintiff has alleged that Plaintiff

4

owns the '852 patent (SAC ¶¶10-11); Plaintiff has alleged that Incipio and Radioshack have been infringing on the '852 patent by "importing, selling, offering for sale and/or using . . . Incipio's Compartmentalized Cases, including those sold under the brand names STOWAWAY®, WATSON WALLET, and/or STASHBACK" (SAC ¶¶ 36, 57); Plaintiff has alleged that Plaintiff has given Incipio notice of its infringement (SAC ¶31); Plaintiff has also explicitly provided notice to both Incipio and Radioshack, within the Complaint, by listing the STOWAWAY®, WATSON WALLET, and STASHBACK products, by individual name, which allegedly infringe on Plaintiff's '852 patent (SAC ¶¶ 36, 57); and, Plaintiff has made a demand for an injunction and damages. (SAC, Prayer for Relief).

Defendants argue that Plaintiff does not properly allege claims of direct infringement against either Incipio or Radioshack because Plaintiff does not "satisfy the minimum pleading requirements set forth in Form 18." (Def. Br. 5.) Specifically, Defendants contend that Plaintiff's direct infringement claims should be dismissed because he: (1) fails to allege that the accused products embody the patent; (2) fails to give Defendants fair notice of the allegedly infringing products because Plaintiff identifies the accused products vaguely and ambiguously, and in an improperly open ended manner; and, (3) fails to give Defendants notice of their infringing acts because Plaintiff uses vague language. This Court disagrees.

In support of their first argument, Defendants seem to interpret the third element of a direct infringement claim as requiring the Plaintiff to use the literal phrase "embody the patented invention" in its Second Amended Complaint. (Def. Br. 6.) Defendant does not support this interpretation with legal precedent that is binding on this Court. A direct infringement claim, however, is sufficient "[a]s long as the complaint in question contains sufficient factual allegations to meet the requirements of Form 18[.]" *In re Bill of Lading*, 681 F.3d at 1336. Plaintiff alleges

5

that its "compartmentalized protective cases[,] as defined by the claims of the '852 Patent[,] are constructed having a compartment configured for receiving and housing the electronic mobile device and a second compartment configured for receiving and housing personal items." (SAC ¶13.) Plaintiff also describes the accused products, "the STOWAWAY®, WATSON WALLET, and/or STASHBACK," as compartmentalized protective cases that are configured in the same as Plaintiff's compartmentalized protective cases. (SAC ¶¶17-18.) Finally, Plaintiff alleges that Incipio and Radioshack have been infringing on the '852 patent by "importing, selling, offering for sale and/or using" the accused products. (SAC ¶¶ 36, 57.) Taken together, these allegations are akin to a statement that Defendants have been infringing the patent by "importing, selling, offering for sale and/or using" the accused products, which embody the '852 Patent. Thus, Defendants' first argument is unpersuasive.

Defendants' second argument, that they do not have fair notice of the allegedly infringing products because Plaintiff identifies the accused products vaguely and ambiguously, and in an improperly open ended manner, fails for the same reasons. Specifically, Defendants claim that Plaintiff's description of the accused products is too vague and ambiguous given the fact that "[Defendants] sell[] many different protective cases." They also argue that Plaintiff's use of terms like "at least," "including," and "and/or" keeps its identification of the accused products improperly open ended, which is insufficient to provide Defendants with fair notice of the allegedly infringing products. Defendants, however, do not support these arguments with case law that is binding on this Court. Again, Form 18 only requires "a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent.'" *In re Bill of Lading*, 681 F.3d at 1336. Here, Plaintiff clearly describes the accused products as "having a compartment configured for receiving and housing the electronic mobile device and a second

6

compartment configured for receiving and housing personal items." (SAC ¶13.) Plaintiff also clearly identifies the accused products as "1) the STOWAWAY® Case for Samsung Galaxy S4 (SA); 2) STOWAWAY® Case for Apple iPhone 4/4s/5 (SA-iPhone); 3) WATSON WALLET, Folio Wallet Case with Removable Cover; and 4) STASHBACK for Apple iPhone 5." Because this Court is unaware of binding precedent that holds otherwise, this Court is satisfied that Defendants have fair notice of the allegedly infringing products.

Finally, Defendants argue that Plaintiff fails to give them notice of their infringing acts because Plaintiff uses vague language to allege direct infringement. (Def. Br. 10.) Defendants again contend that the particular language that the Plaintiff uses does not meet the pleading standards pursuant to Form 18. Plaintiff alleges that Defendants directly infringed on the '852 Patent by "importing, selling, offering for sale and/or using" the accused products. (SAC ¶¶ 36, 57.) Defendants argue that this is improperly vague because of the use of the phrase "and/or." Defendants, however, have not presented this Court with any binding legal holding in support of the proposition that a plaintiff cannot allege infringing acts in the alternative at the pleading stage of litigation. As such, Defendants' third argument is also unpersuasive.

Given the pleading requirements of a direct infringement claim pursuant to Form 18, as explained by the Federal Circuit, Defendants' motion to dismiss Counts I and IV of Plaintiff's Second Amended Complaint is denied.

### B. Plaintiff's indirect infringement claims

The pleading requirements pursuant to Form 18 do not apply to claims of contributory or induced infringement. *See In re Bill of Landing*, 681 F.3d at 1336-37. A district court must apply the pleading standards set forth by the Supreme Court in *Twombly* and *Iqbal* to claims of indirect

infringement in order to determine whether a plaintiff alleges sufficient facts to survive dismissal. *Id.*

Here, Plaintiff fails to plead any facts in support of its indirect infringement claims. In its September 16, 2014 Opinion, this Court held that Plaintiff's sole count contained no facts. (Docket #21, p. 5.) Consequently, this Court advised Plaintiff that:

> To the extent Plaintiff intends to re-plead his claims, . . . *each count* of a properly pled complaint must contain . . . those particular factual allegations that would allow the court to draw the reasonable inference that [each] defendant[] is liable for a particular cause of action.

(Docket #21, p. 7) (citing *Iqbal*, 556 U.S. at 678; *Anderson v. District Bd. Of Trustees of Cent. Florida Comty. College*, 77 F.3d 364, 366 (11th Cir. 1996)) (emphasis added). Plaintiff has not done so. Though Plaintiff pleads many detailed factual allegations which may sufficiently support elements of its claims, neither the Court nor Defendants should be required to guess which particular facts support the claims that are being asserted. Further, neither the Court nor Defendants should have to sift through a tome of allegations to piece together those claims. Simply put, each count as to each defendant *must* contain the facts alleged in support for each individual claim.

Additionally, the allegations contained in Counts II, III, V, and VI, as explained below in further detail, are insufficient to state claims for indirect infringement because they are conclusory in nature. For example, stating that a defendant had knowledge of the patent before a certain date is a conclusory statement. Instead, a properly plead fact would describe the occasion, conversation, or reason that gave rise to each of the Defendants' alleged knowledge of the patent.

For these reasons, Counts II, III, V, and VI are dismissed without prejudice.

1. Induced infringement claims as to Radioshack and Incipio (Counts II and V)[2]

---

[2] Though Plaintiff alleges separate claims of induced infringement against Radioshack and Incipio (Counts II and V, accordingly), the contents of both Counts are identical. Moreover, Plaintiff responds to Defendants' arguments for

Plaintiff fails to plead sufficient facts to state a viable claim for induced infringement as to either Defendant because it relies on threadbare recitals of the elements of the cause of action. To state a claim for induced infringement, a plaintiff must plead facts to raise the plausible inference that: (1) Defendant knowingly induced a third party to perform specific acts; (2) Defendant specifically intended for the induced acts to infringe the patent; and (3) as a result of the inducement, the third party directly infringed the patent. *See DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006); *Hoffmann–La Roche Inc. v. Apotex Inc.*, No. 07–4417, 2010 WL 3522786, at *2 (D.N.J. Sept. 2, 2010).

Neither of Plaintiff's claims for induced infringement contain any facts that support the plausible inference that he is entitled to relief for Defendants' alleged actions. In support of the first two elements of this cause of action, Plaintiff alleges that both Defendants "actively induced and continue[] to actively induce infringement by others . . . by intentionally causing others to directly infringe the patent and/or by intentionally instructing others how to use [the accused products]." (SAC ¶¶41, 62.) These statements amount to a threadbare recitation of some of the necessary elements. Further, Plaintiff does not allege that a third party directly infringed the patent. As such, Counts II and V of Plaintiff's Second Amended Complaint are dismissed without prejudice. Plaintiff will have one final opportunity to properly plead these claims.

2. Contributory infringement claims as to Radioshack and Incipio (Counts III and VI)[3]

Plaintiff also fails to plead sufficient facts to state a viable claim for contributory infringement as to either Defendant. To state a claim for contributory infringement, a Plaintiff must plead facts showing that: (1) Defendant knew that the Accused Products are material to practicing

---

dismissing both claims with the same counterarguments. (Pl. Br. 28) ("Plaintiff reasserts the arguments set forth hereinabove."). As such, this Court addresses both Counts simultaneously.
[3] For the same reasons as explained in FN2, this Court also addresses Counts III and VI simultaneously.

the invention and have no substantial non-infringing uses; (2) Defendant knew that the Accused Products were especially made or especially adapted to infringe the Asserted Patents; and (3) a third party used the accused products to directly infringe the product. *DSU Med. Corp.*, 471 F.3d at 1303; *Apotex Inc.*, 2010 WL 3522786, at *6.

Again, Plaintiff relies on conclusory statements to support its contributory infringement claims. Plaintiff alleges that Defendants "contributorily infringe and continue[] to contributorily infringe the '852 Patent . . . by importing, selling and/or offering to sell to others . . . [the accused products]." (SAC ¶¶48, 69.) Plaintiff also alleges that the accused products "constitute a material part of the invention of the '852 Patent and that Defendants know that the accused products "are especially adapted for use in infringing" that patent. (SAC ¶¶49-50, 70-71.) Further, Plaintiff claims that the accused products "are not staple articles of commerce suitable for substantial noninfringing use[.]"(SAC ¶¶51, 72.) These statements amount to a threadbare recitation of the necessary elements of this cause of action. As such, Counts III and VI of Plaintiff's Second Amended Complaint are dismissed without prejudice. Plaintiff will have one final opportunity to properly plead these claims.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss [CM/ECF No. 26] is denied in part and granted in part. Count I as to Defendant Radioshack and Count IV as to Defendant Incipio may proceed at this time. Counts II and III as to Radioshack and Counts V and VI as to Incipio are dismissed *without* prejudice. Plaintiff has one **final** opportunity to file a Third Amended Complaint on or before **January 19, 2015** that cures the pleading deficiencies in these Counts. Plaintiff's failure to file a Third Amended Complaint by that date will result in summary dismissal of these claims with prejudice upon application by Defendants.

An appropriate Order accompanies this Opinion.

/s/ Jose L. Linares
Jose L. Linares
United States District Judge

Dated: December 12, 2014